Thomas A. Vogele, Esq. (SBN 254557)
Timothy M. Kowal, Esq. (SBN 254709)
Brendan M. Loper, Esq. (SBN 282198)
THOMAS VOGELE & ASSOCIATES, APC
3199 Airport Loop Road, Suite A-3
Costa Mesa, California 92626
Telephone:   (714) 641-1232
Facsimile:   (888) 391-4105
Email:        tvogele@tvalaw.com

Attorneys for debtor-in-possession Santa Cruz
Berry Farming Co., LLC, a California limited
liability company

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re | Bankruptcy Case No.: 15-51771 |
| SANTA CRUZ BERRY FARMING CO. LLC, a California limited liability company, | Related Case No. 15-51772 (In re Corralitos Farms, LLC) |
| Debtor. | Chapter  11 |
| | Courtroom:  3070 |

**CHAPTER 11 DEBTOR-IN-POSSESSION'S NOTICE OF MOTION AND MOTION TO EMPLOY GENERAL INSOLVENCY COUNSEL (THOMAS VOGELE & ASSOCIATES, APC); DECLARATIONS OF THOMAS A. VOGELE AND ROBERT FRITZ KOONTZ IN SUPPORT**

[REQUESTED]
Hearing Date:   May 29, 2015
[REQUESTED]
Hearing Time:   11:00 a.m.
Location:        United States Courthouse
                 Room 3070
                 280 South First Street
                 San Jose, CA 95113-3099

*[Filed Concurrently with* **Ex Parte** *Motion for Order Shortening Time]*

- 1 -

**TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL INTERESTED PARTIES:**

PLEASE TAKE NOTICE that Santa Cruz Berry Farming Co., LLC, a California limited liability company and the Chapter 11 debtor-in-possession ("**Santa Cruz Berry**"), will and hereby does move the Court under 11 U.S.C. § 327 for an order authorizing it to employ a professional, Thomas Vogele & Associates, APC (the "**Professional**"), to act as general insolvency counsel for the benefit of the estate.

PLEASE TAKE FURTHER NOTICE that Santa Cruz Berry has concurrently filed with this Motion an *ex parte* motion for order shortening time, by which Santa Cruz Berry seeks to have this Motion heard on May 29, 2015 at 11:00 a.m. in the above-referenced Court. Santa Cruz Berry will provide further notice of the hearing and any procedures for opposing the Motion if and when the Court sets the Motion for hearing.

DATED: May 27, 2015              THOMAS VOGELE & ASSOCIATES, APC


By: /s/ Thomas Vogele
    Thomas A. Vogele
    Brendan M. Loper
Attorneys for debtor-in-possession Santa Cruz
Berry Farming Co., LLC, a California limited
liability company

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Santa Cruz Berry was formed on or about June 1, 2010, to grow, harvest, and sell conventional and organic strawberries. (See Declaration of Robert Fritz Koontz ("**Koontz Decl.**") ¶ 2.) Founded by two brothers, Robert Fritz Koontz and Andrew Koontz, Santa Cruz Berry is the successor in substance to Corralitos Farms, LLC ("**Corralitos**"), another strawberry-growing business formed by the brothers and their third brother, Rodney Koontz, in 1997. (*Id.*)

On May 25, 2015 ("**Petition Date**"), Santa Cruz Berry filed a voluntary petition for relief in this Court under Chapter 11 of the Bankruptcy Code. In order for Santa Cruz Berry to effectively reorganize, it must employ the Professional, effective as of the Petition Date.

11 U.S.C. section 327(a) provides that a trustee or Chapter 11 debtor, with the court's approval, "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

### II. NATURE OF EMPLOYMENT AND COMPENSATION

Santa Cruz Berry seeks to employ the Professional under 11 U.S.C. § 327 to act as general insolvency counsel for the estate. The Professional is well qualified to represent Santa Cruz in this capacity, as the Professional has extensive experience in bankruptcy, has worked closely as an extern with the Honorable Vincent P. Zurzolo, and has experience acting as general insolvency counsel in Chapter 11 bankruptcies. (See Declaration of Thomas A. Vogele ("**Vogele Decl.**") ¶¶ 2-3, Ex. 1.)

The scope of the Professional's employment will include providing Santa Cruz Berry with legal advice with respect to its powers and duties as the debtor-in-possession, assisting Santa Cruz Berry with the investigation and determination of the estate's assets and liabilities, preparing any necessary motions and applications on behalf of Santa Cruz Berry, providing advice concerning the claims of creditors, preparing, prosecuting, and attaining confirmation of a plan of

**DEBTOR'S MOTION TO EMPLOY PROFESSIONAL**

2093-001. 38707

reorganization, and preparing monthly operating reports and other data necessary for interim statements and operating reports.

The terms of employment of the Professional agreed to by Santa Cruz Berry, subject to approval of the Court, are that the Professional will undertake representation of Santa Cruz at a rate between $225 and $350 per hour, depending on the experience and expertise of the attorney or staff performing the work. (Vogele Decl. ¶ 4.) While no retainer has been paid yet, Santa Cruz Berry intends to pay the Professional a post-petition retainer in the amount of $25,000.00. (*Id.*) Said retainer will be held in the Professional's client trust account until further court order and approval of the compensation after noticed motion. (*Id.*)

The Professional will apply to the Court for approval of compensation in accordance with the provisions of 11 U.S.C. section 330 and agrees to accept as compensation such sums as the Court may allow. (*Id.*) The Professional understands and accepts, notwithstanding the terms and conditions of employment and compensation set forth herein, that the Court may allow compensation different from the compensation sought. (*Id.*)

### III. THE PROFESSIONAL IS DISINTERESTED AND DOES NOT HOLD AN INTEREST ADVERSE TO THE ESTATE

To the best of Santa Cruz Berry's knowledge, and based upon the declaration of the Professional attached hereto, the Professional is disinterested as the term is defined in 11 U.S.C. section 327 and 11 U.S.C. section 101. The Professional is not a creditor, an equity security holder, or an insider of Santa Cruz Berry. (Vogele Decl. ¶ 5.) The Professional is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of Santa Cruz Berry. (*Id.*) The Professional does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Santa Cruz Berry, or for any other reason. (*Id.*) The Professional has not been within three years before the date of the filing of the petition herein an investment banker for a security of Santa Cruz Berry, or an attorney for such an investment banker in connection with the offer, sale, or issuance of any security of Santa Cruz Berry. (*Id.*)

1    Furthermore, the Professional does not have and does not represent an individual or entity

2    which holds an interest adverse to the estate.  (*Id.*)  The Professional holds no prepetition claim

3    against the estate, and the Professional, nor its partners or employees, are not related to the

4    bankruptcy judge in this case.  (*Id.*)  The Professional has no fee sharing arrangement,

5    understanding, or compensation sharing arrangement with any other entity, and no part of the

6    Professional's fees or expenses awarded will be paid to any other entity.  (*Id.*)

7    For the above-referenced reasons, Santa Cruz Berry believes that the employment of the

8    Professional on the terms and conditions provided for herein is in the best interest of the estate.

9    <u>**CONCLUSION**</u>

10    WHEREFORE, Santa Cruz Berry prays that it be authorized to employ the Professional,

11    Thomas Vogele & Associates, APC, as its general insolvency counsel on the terms set forth

12    herein, and for such other and further relief as the Court deems just and proper.

13

14    DATED: May 27, 2015                     THOMAS VOGELE & ASSOCIATES, APC

15

16                                           By: <u>/s/  Thomas Vogele</u>
17                                               Thomas A. Vogele
                                                 Brendan M. Loper
18                                           Attorneys for debtor-in-possession Santa Cruz
                                             Berry Farming Co., LLC, a California limited
19                                           liability company

20

21

22

23

24

25

26

27

28

- 5 -

## DECLARATION OF THOMAS A. VOGELE

I, Thomas A. Vogele, declare as follows:

1.  I am an attorney duly licensed to practice law before all the courts of the state of California. I am the founder and principal of Thomas Vogele & Associates, APC (the "**Professional**"), proposed general insolvency counsel for Santa Cruz Berry Farming Co., LLC ("**Santa Cruz**"), the Chapter 11 debtor in this matter. I have personal knowledge of the matters stated herein and, if called as a witness and sworn, could and would competently testify thereto. I do not intend to waive the attorney-client privilege or work product protection by any statement made herein.

2.  I believe that I am well-qualified to represent Santa Cruz. I have considerable experience in bankruptcy matters. I served as judicial extern to the Honorable Vincent P. Zurzolo from August 2005 through June 2006, during which I was a member of the group that revised the form Chapter 11 plan of reorganization and disclosure statement used in the Central District. I also worked on numerous Chapter 11 cases pending in Judge Zurzolo's department with Judge Zurzolo's permanent clerk. I have filed numerous Chapter 7 bankruptcies on behalf of various debtors, and I have represented various creditors in Chapter 7 adversary and Chapter 11 adversary proceedings in the Central District and Northern District. I have served and currently serve as Special Litigation Counsel for the Chapter 7 Trustee Thomas H. Casey in several adversary proceedings, including Case No. 8:12-ap-01330-TA, which commenced in 2012 and is ongoing, and Case No. 8:14-ap-01194-TA, which commenced in 2014 and is ongoing. Neither case is related to Santa Cruz or any parties involved herein. I was appointed as general insolvency counsel in two Chapter 11 bankruptcies in the Central District, one involving an individual with debts of a similar amount to what is involved in this case and one involving a partnership. I expect reorganization in one of the cases to be confirmed this year; in the other Chapter 11 case, my firm substituted in in early 2015 to salvage the bankruptcy. A successful sale motion was recently heard, and I expect to dismiss the bankruptcy, having eliminated the negative cash flow and paid off all unsecured creditors, within the next several months. A true and correct copy of my résumé is attached hereto and incorporated by reference herein as **Exhibit "1**."

- 6 -

2093-001. 38707

3. In 2003, prior to attending Chapman University School of Law, I was President of a small ($3 million) manufacturing firm that successfully completed a liquidating Chapter 11 resulting in full payment of all secured creditor claims, full contributions for employee pension plans and most importantly, full payment of all unsecured creditor claims and administrative expenses. I worked closely with bankruptcy counsel for my company throughout the pendency of the case, and that experience motivated me to attend law school and practice in the bankruptcy field. While in law school, I received the highest grade in Bankruptcy Practice, taught by the Honorable Theodor C. Albert, who nominated me as Outstanding Bankruptcy Scholar for the Ninth Circuit based on my work in his course.

4. I have agreed to accept employment on the terms and conditions in the Motion. Santa Cruz has agreed to pay my firm a retainer in the amount of $25,000.00, although I have not been paid the retainer yet. A true and correct copy of the retainer agreement is attached hereto and incorporated by reference herein as **Exhibit "2"**. The retainer agreement includes a schedule of the firm's rate of reimbursement of expenses, which range from $225/hour for associate time to $300-350/hour for partner. I am aware of the provisions set forth in 11 U.S.C. § 327 and 111 U.S.C. § 330, and I understand and accept that, notwithstanding the terms and conditions of employment herein set forth, the Court may allow compensation different from the compensation provided in the Motion.

5. To the best of my knowledge, neither my office nor I have had any business, professional, or other connection with the Santa Cruz, its estate, creditors or any party in interest in this proceeding, and am a disinterested person(s) within the meaning of 11 U.S.C. 101(14) as to each of those parties, as follows:

    a. I am not a creditor, an equity security holder, or an insider of Santa Cruz;

    b. I am not and was not an investment banker for any outstanding security of Santa Cruz;

    c. I have not, within three years before the date of the filing of the petition, been an investment banker for a security of Santa Cruz, or an attorney for such an

**DEBTOR'S MOTION TO EMPLOY PROFESSIONAL**

2093-001. 38707

investment banker in connection with the offer, sale, or issuance of a security of Santa Cruz;

    d.  I am not and was not, within two years before the date of the filing of the petition a director, officer or employee of Santa Cruz or an investment banker as set forth in subparagraph (b) or (c) of this paragraph.

    e.  I do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Santa Cruz or an investment banker specified in subparagraph (b) or (c) of this paragraph.

    f.  I have not represented Santa Cruz, any insiders, creditors, or other parties in interest.

    g.  I hold no prepetition claim against the estate.

    h.  To the best of my knowledge, neither I nor anyone with my firm is related to the bankruptcy judge.

    i.  I do not have a fee sharing arrangement or understanding with Debtor or any other entity, other than my compensation as provided in **Exhibit "2."**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Carmel, California, on May 27, 2015.


                              /s/  Thomas Vogele
                              Thomas A. Vogele

**DEBTOR'S MOTION TO EMPLOY PROFESSIONAL**

2093-001. 38707

### DECLARATION OF ROBERT FRITZ KOONTZ

I, Robert Fritz Koontz, declare as follows:

1.    I am the manager and 50% member of Santa Cruz Berry Farming Co., LLC ("**Santa Cruz**"), the Chapter 11 debtor in this matter.  I have personal knowledge of the matters stated herein and, if called as a witness and sworn, could and would competently testify thereto.  I do not intend to waive the attorney-client privilege or work product protection by any statement made herein.

2.    Santa Cruz was formed on or about June 1, 2010, by myself and my brother, Andrew Koontz.  Following in the footsteps of Corralitos Farms, LLC ("**Corralitos**"), a strawberry company founded in 1997 by myself, Andrew, and our third brother, Rodney Koontz, Santa Cruz's business purpose was to grow, harvest, and sell conventional and organic strawberries.  Unfortunately, at the time of Santa Cruz's formation, Corralitos was engaged in a legal battle with United Farm Workers regarding unionization.  Ultimately, in 2012, Corralitos prevailed in an election overseen by the National Labor Relations Board, but the cost of the litigation left the company nearly insolvent.

3.    In or about late 2010, Santa Cruz and Corralitos agreed to an exclusive marketing agreement with Tom Lange Company International, Inc. ("**Lange**").  Santa Cruz and Corralitos signed the marketing agreement on or about January 1, 2011.  Under the terms of the agreement, Lange serves as "grower's agent" and sells the berries on consignment to grocery chains and the like all over the country and in Canada, receiving a 6.5% commission on the berries, plus incidental costs.  It has discretion on what price to charge, though the price must be at market.  Lange also has sole discretion to issue adjustments/back charges for what it believes is bad fruit.  Between 2012 and 2014, Lange adjusted – or withheld – over $2.6 million.  Beginning in 2010, Lange also began loaning Santa Cruz and Corralitos funds for operations and to cover some of the legal fees incurred by Corralitos' litigation with United Farm Workers.  As of the petition date, the balance due Lange is approximately $2.3 million.

- 9 -

1    4.    I believe a successful reorganization of Santa Cruz requires employment of

2 Thomas Vogele & Associates, APC (the "Professional") as general insolvency counsel. I have

3 read and agreed to the terms of the retainer attached as Exhibit 2.

4        I declare under penalty of perjury under the laws of the United States of America that the

5 foregoing is true and correct.

6        Executed at Watsonville, California, on May 27, 2015.

7

8                                                    _____

9                                                         Robert Fritz Koontz

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

# EXHIBIT 1



**THOMAS VOGELE & ASSOCIATES, APC**

Thomas A. Vogele, Esq.
tvogele@tvalaw.com

February 11, 2014

## THOMAS A. VOGELE

Mr. Vogele is the founder and President of the eponymous firm. He attended law school at the age of 51 after a successful 25 year business career, including stints in the banking, manufacturing and consulting industries. He attended Northwestern University, where he majored in Political Science and minored in Economics, and the Kellogg Graduate School of Management, with concentrations in Marketing and Finance, before moving to California in January 1980. In 1987, he sold a company to a subsidiary of Berkshire Hathaway and served as President of the subsidiary until 1992.

He began his legal career as a litigation and appellate associate with the Enterprise Counsel Group, ALC. At ECG, he successfully represented clients in a variety of litigation and appellate matters, including all aspects of pre-trial practice (written and electronic discovery, depositions and law and motion practice) as well as serving as first- and second-chair on civil trials and alternative dispute resolution. Because of his extensive business background and expertise, Mr. Vogele was selected to work on several important business cases for the firm.

In 2010, Mr. Vogele left ECG and formed a partnership focusing on complex civil and bankruptcy litigation and appellate work for a limited number of sophisticated individual and business clients in Southern California. The firm grew rapidly and expanded its reach to include client matters in State and Federal Courts throughout California, Texas, Washington State and Alaska. The firm became TVA in 2012 and continues to focus on complex civil and bankruptcy litigation, appellate and transactional matters for individual and business clients.

Mr. Vogele has successfully tried cases in State and Federal Courts as well as State and Federal Courts of Appeal. His successful client matters include a seven-figure non-dischargeable judgment against a Ponzi scheme operator; an eight figure settlement of a four-year partnership dispute for the company's founder against her two partners; a defense judgment and affirmance on appeal in a complex civil case against 34 defendants; a defense judgment in a Nevada quiet title action; and a seven figure judgment in an elder abuse and conversion case in Monterey County.

Mr. Vogele graduated from Chapman University School of Law with numerous honors and awards including the Dean's Award for professionalism to the legal community, voted on by the faculty and school administration; the Top Oralist Award from his classmates; and was

selected to give the commencement speech.  Mr. Vogele was a member of both the Moot Court Honors and Executive Boards, and the Mock Trial Board while at Chapman.  He was named the top oralist at the 2007 Luke Charles Moore Civil Rights Moot Court Competition in Washington, D.C., and the Third Oralist at the 2006 Thomas Tang International Moot Court in Philadelphia.

He served as judicial extern to the Hon. Vincent P. Zurzolo, former Chief Judge of the United States Bankruptcy Court for the Central District of California, from 2005 to 2006.  While working in chambers, Mr. Vogele helped draft the 2006 revisions to the Court's official form disclosure statement and plan of reorganization.

Mr. Vogele is admitted to practice before all courts in the State of California, the United States District and Bankruptcy Courts for the Central, Southern, Northern and Eastern Districts of California, the United States Court of Appeals and the Bankruptcy Appellate Panel for the Ninth Circuit Court.  He is also admitted to practice in the Court of Appeals for the Federal Circuit in Washington, D.C.  He has been admitted *pro hac vice* to the U.S. Bankruptcy Court for the Delaware District, the U.S. District Court for the Western District of Texas and the Nevada District Courts.  He is a member of the Orange County Bar Association, the Los Angeles County Bar Association, the Orange County Federal Bar Association, the Monterey County Bar Association and the International Trademark Association.

# EXHIBIT 2



**THOMAS VOGELE & ASSOCIATES, APC**

Thomas A. Vogele, Esq.
tvogele@tvalaw.com

April 28, 2014

Robert Fritz Koontz
Corralitos Farms, LLC
116 Martinelli Street, Suite 7
Watsonville, California 95076-2800

*Re: Retainer Agreement – Chapter 11 Bankruptcy*

Dear Mr. Koontz:

This letter confirms our engagement on the terms set forth below to represent you as Chapter 11 general bankruptcy counsel. We recognize that you have your choice of counsel and appreciate the confidence that you have shown in our firm.

We apologize in advance for the length and formality of this letter, however, we trust you recognize the need for us to apply uniform retention policies, whenever possible, with respect to our services. This letter will also provide specific insight as to the manner in which we will represent you.

1. <u>Scope of Representation</u>. Thomas Vogele & Associates, a Professional Corporation (**"TVA"**) has been engaged to act as general insolvency counsel to Corralitos Farms, LLC, a California limited liability company (hereinafter, **"CLIENT"**) in filing a Chapter 11 bankruptcy case. The ordinary and necessary legal services that may be required in connection with a Chapter 11 bankruptcy filing include assistance in the preparation of the petition, schedules of assets and liabilities, statement of financial affairs, and other documents which will have to be filed with the United States Bankruptcy Court for the Northern District of California, San Jose Division, and/or the Office of the United States Trustee; appearing at meetings of creditors; providing advice with respect to the negotiation, documentation and consummation of a plan of reorganization and/or a sale of substantially all of CLIENT's assets and related transactions; and otherwise advising CLIENT regarding its legal rights and responsibilities under the Bankruptcy Code and the Local and Federal Bankruptcy Rules.

TVA shall prepare, file and represent CLIENT's interests in retaining John L. Bailey, Esq. of Alternative Dispute Resolution, APC as Special Agriculture Counsel with respect to specialized agricultural and labor related issues of CLIENT subject to Court approval. A motion to approve Mr. Bailey's retention shall be filed within twenty days of the commencement of the Chapter 11 case.

The scope of TVA's representation addressed in this retainer agreement shall not include any other services, including but without limitation, representing you or any transferee and/or insider of its assets in any adversary proceedings, with the exception of commencing an adversary proceeding to request injunctive relief to extend the automatic stay under Section 362 to various CLIENT insiders; filing a proof of claim on behalf of insiders or other parties; appeals; litigation and/or contested matters related to this or any other case not expressly provided herein.

TVA's employment as general insolvency counsel to CLIENT does not include appearances before any court or agency other than the United States Bankruptcy Court for the Northern District of California and the Office of the United States Trustee; litigation in the United States Bankruptcy Court for the Northern District of California with respect to matters which are disputes involving issues of nonbankruptcy law; or providing advice outside of insolvency regarding the United States Bankruptcy Court for the Northern District of California, such as in the areas of corporate, partnership, consumer protection, tax, intellectual property, securities, tort, environmental, labor, criminal, administrative, suretyship or real estate law.

The limited scope of our employment does not include giving attention to forming professional opinions as to or advising CLIENT with respect to its obligations, if any, under federal or state securities or other non-bankruptcy laws.

2. <u>Fees and Charges</u>. TVA shall be paid $25,000 (Twenty-Five Thousand Dollars), plus $1,213.00 for the Court required filing fee as an initial retainer to commence legal services as provided herein.

My hourly billing rate is $350 and is subject to periodic increases. Other partner/principal time will be billed at $300/hour. Associate time is billed at $225-275/hour and paralegal time is billed at $125/hour. An initial $5,000 shall also be paid to TVA to address any and all pre-petition legal services. TVA's agreement to represent CLIENT in CLIENT's Chapter 11 bankruptcy case is subject to the Bankruptcy Court's approval of the other financial arrangements provided for by this retainer agreement, including the monthly payment procedures described herein.

In the event that the Bankruptcy Court does not authorize the material financial arrangements provided for in this retainer agreement, TVA reserves the right to require that CLIENT provide TVA another financial arrangement satisfactory to TVA or to seek to withdraw as counsel for CLIENT in CLIENT's Chapter 11 bankruptcy case.

TVA's services to CLIENT are limited to those described in this retainer letter. The Retainer will be used to pay TVA for services rendered and costs incurred by TVA in connection with its representation of CLIENT as detailed herein. TVA will have a security interest in any portion of the Retainer which is not earned at any given time and it is our mutual agreement that the Retainer will be used solely for the purpose of paying the fees and costs owed to TVA in connection with its representation of CLIENT.

Detailed billing statements are prepared by computer from paralegal and/or attorney daily time sheets. In addition to professional fees, TVA's billing statements will include itemized entries for costs and expenses incurred such as, facsimile, telephone, copying charges, deposition fees, legal research facilities, messenger services, travel expenses and filing fees.

TVA will provide monthly invoices, which we urge you to review the carefully and to raise with TVA any questions that you may have with regard to any aspect of the invoice. It is our desire to not only provide representation in a professional manner concerning the legal aspects of its case, but also to have the financial aspects of the case handled in a manner which is satisfactory to both CLIENT and TVA.

In accordance with the guidelines set forth by the Office of the United States Trustee, the Retainer will be held by TVA in a client trust account and will be disbursed by TVA only in accordance with the Professional Fee Statement guidelines promulgated by the Office of the United States Trustee. In accordance with these guidelines, TVA will file a copy of its monthly invoice with the Bankruptcy Court and send copies of the invoice to CLIENT, the United States Trustee, and the creditors' committee if one is formed in CLIENT's case or creditors' committee's counsel. If no written objection is filed with respect to the amount of the monthly invoice within ten (10) days of the sending of the invoice to the various parties-in-interest, TVA will withdraw from its trust account the amount of fees and costs represented by that monthly invoice and will pay itself those sums. If a written objection to TVA's monthly invoice is filed by a party-in-interest, TVA will refrain from withdrawing the disputed funds from its trust account until the objection has been resolved by the Bankruptcy Court.

We have advised you that the initial $25,000 Retainer will be insufficient to pay for all of TVA's fees and costs through the conclusion of this case. Once the Retainer is exhausted, CLIENT has agreed to deposit into TVA's trust account a payment equal to the amount of TVA's monthly invoice. The funds received from CLIENT will be held in trust by TVA and will be disbursed only in accordance with the payment procedures outlined herein.

In addition to the monthly invoice procedure described herein, on a monthly basis, if allowed by the court, TVA will file an application seeking allowance of its fees and costs incurred to that date and paid pursuant to such monthly payment procedure. CLIENT will receive a copy of that application and you should carefully review both the application and the invoices attached to the application. If you have any questions or concerns with respect to the application, you should immediately contact TVA in order to have any questions that you may have regarding the application resolved prior to the hearing on the fee application. In accordance with governing bankruptcy case law, TVA is entitled to be compensated for its time and costs in the preparation of applications for payment of its fees and costs and in connection with the hearings, which will be held with respect to those applications.

CLIENT will have notice of all fee application hearings and an opportunity to object to TVA's fee applications if it does not agree with the position to be taken by TVA at that hearing with respect to the amount of fees to which TVA is entitled. CLIENT will have the right, if it so desires, to be represented by separate legal counsel at the fee application hearing with respect to any objection that it may have to the amount of fees being requested by TVA.

3. <u>Tax Advice Not Included Within The Scope Of Representation</u>. We specialize in insolvency and bankruptcy related matters. Thus, consistent with the express terms of the Scope of Representation noted herein, we are not rendering any legal advice in any way related to the federal, state, or other governmental agencies' tax ramifications that may result from the transactions contemplated herein. We therefore recommend that you consult with your tax advisor.

4. <u>Termination of Representation</u>. You have the right to terminate our representation at any time. Subject to our ethical obligation to give reasonable notice to arrange for alternate representation, we may terminate our representation of you at any time, and our representation will terminate without notice upon completing this engagement. Upon termination of our representation, you agree to promptly sign substitutions of counsel authorizing our withdrawal as your counsel of record in any proceeding.

5.  <u>Document Retention</u>.  You agree that you will be responsible for providing us with all documents pertinent to this matter.  Even if you have in effect document retention policies that may result in the scheduled destruction or discarding of documents which may be relevant to this matter, you must not destroy or discard any possibly relevant documents until you speak with us further.  Upon conclusion of our representation, we will return upon your request all of the documents you have provided us and the files we have created in connection with your matter.

6.  <u>No Warranties</u>.  As you know, insolvency and bankruptcy are types of litigation, which is by its nature unpredictable.  It is not possible to warrant a successful result or represent that a particular result can be obtained within a given time frame.  We appreciate your awareness of and patience with the pitfalls of litigation.  You acknowledge that we have not made any representations, promises, warranties or guarantees to you, express or implied, regarding the outcome of your matter.

7.  <u>Limitation of Representation</u>.  We have advised you that CLIENT, an individual, is legally distinct from any partnerships, limited liability companies or other entities in which CLIENT is a member, officer, director, shareholder, or employee.

As counsel for CLIENT in its Chapter 11 case, TVA can represent only CLIENT and cannot also represent you, in your capacity as a member, officer, director, shareholder, or employee of any partnership, limited liability company, corporation or other entity.  You have acknowledged and agreed that, during the course of TVA's representation, TVA's allegiance will be owed solely to CLIENT and not to you or to any of the other officers, directors or employees of such related entities.  In the event that any conflict should arise between CLIENT and you or any other member, officer, director, shareholder or employee, TVA will represent only CLIENT, and you or the other member, officer, director, shareholder or employee may be required to retain separate counsel to represent your interests therein.

8.  <u>Errors and Omissions Insurance Coverage</u>.  TVA maintains errors and omissions insurance coverage applicable to the services to be rendered hereunder.  That coverage complies with the requirements imposed by California Business and Professions Code Sections 6147 (a)(6) and 6148(a)(4).

Please review this letter carefully.  If the letter correctly reflects your understanding of the terms of our engagement, please sign the enclosed copy and Attachment B where indicated below and return it to us at your earliest convenience.  If you have any questions or concerns, please do not hesitate to call.  Of course, you should also feel free to consult

Case: 15-51771   Doc# 16   Filed: 05/27/15   Entered: 05/27/15 16:58:51   Page 19 of 31

separate legal counsel at any time concerning any matter, including the review and execution of this letter.  Once again, thank you for selecting our firm to represent you in this matter.

THE UNDERSIGNED HAS READ AND UNDERSTANDS THIS ENGAGEMENT LETTER AND AGREES THAT IT CORRECTLY SETS FORTH THE TERMS AND CONDITIONS UPON WHICH THE UNDERSIGNED HAS ENGAGED THOMAS VOGELE & ASSOCIATES, A PROFESSIONAL CORPORATION IN CONNECTION WITH THE REPRESENTATION DESCRIBED HEREIN.

CORRALITOS FARMS, LLC

By: Robert Fritz Koontz, its Manager

Dated: 7/28/15

## ATTACHMENT A

## ADMINISTRATIVE CHARGE TABLE

For your information, the following is a current list of the various costs which are charged to our clients:

| Category | Charge |
| --- | --- |
| Overnight Delivery (e.g., FedEx) | Invoiced at cost |
| Messenger Delivery | Invoiced at cost |
| Document Duplicating - TVA | .10¢ per page |
| Document Duplicating - Third Party | Invoiced at cost |
| Facsimile | No charge |
| Legal Research - TVA | No charge |
| Legal Research - Third Party (e.g., Westlaw) | No charge |
| Postage | Actual cost over $4.00/day |
| Telephone (Long Distance) | No charge |
| Travel | Local travel @ $.55/mile |

Case: 15-51771    Doc# 16    Filed: 05/27/15    Entered: 05/27/15 16:58:51    Page 21 of 31

## ATTACHMENT B

### AGREEMENT FOR ARBITRATION

WE DO NOT ANTICIPATE HAVING ANY DISAGREEMENTS WITH YOU ABOUT OUR BILLS OR ABOUT PROBLEMS WITH THE QUALITY OR APPROPRIATENESS OF OUR SERVICES. HOWEVER, IF PROBLEMS ARISE, YOU SHOULD NOTIFY US IMMEDIATELY. IT IS OUR DESIRE TO RESOLVE ANY SUCH DISAGREEMENTS OR CONCERNS IN A FAIR AND AMICABLE MANNER THROUGH DISCUSSIONS WITH YOU.

IF ANY DISPUTE BETWEEN US CANNOT BE RESOLVED THROUGH OUR DISCUSSIONS WITH EACH OTHER, THEN YOU AND WE AGREE THAT ALL SUCH DISPUTES SHALL BE RESOLVED THROUGH ARBITRATION AS HEREINAFTER PROVIDED. THIS AGREEMENT IS INTENDED TO APPLY TO ALL DISPUTES BETWEEN US, WHETHER OVER OUR FEES (A "FEE DISPUTE") OR CONCERNING ANY OTHER MATTER RELATING TO OUR SERVICES OR CONDUCT, INCLUDING ANY CLAIM THAT OUR SERVICES WERE NOT NECESSARY, WERE INAPPROPRIATE, OR WERE NEGLIGENTLY RENDERED (AN "OTHER DISPUTE"). BY SIGNING THIS AGREEMENT, YOU AND WE AGREE THAT NEITHER OF US CAN FILE A LAWSUIT OR RESORT TO COURT PROCESS REGARDING OUR DISPUTES WITH EACH OTHER, EXCEPT TO THE EXTENT THAT CALIFORNIA LAW PROVIDES FOR JUDICIAL REVIEW OF ARBITRATION PROCEEDINGS.

UNDER CALIFORNIA LAW YOU HAVE THE RIGHT TO ELECT TO SUBMIT ANY FEE DISPUTE TO ARBITRATION CONCLUDED UNDER THE RULES OF THE CALIFORNIA STATE BAR ("STATE BAR ARBITRATION"). IF YOU MAKE SUCH ELECTION WITHIN THE TIME PRESCRIBED BY CALIFORNIA LAW, SUCH ARBITRATION SHALL BE CONDUCTED UNDER THE RULES OF THE APPLICABLE LOCAL BAR ASSOCIATION WHICH, IN REGARD TO YOUR MATTER, IS THE MONTEREY COUNTY BAR ASSOCIATION.

IF YOU MAKE THE ELECTION TO HAVE A FEE DISPUTE ARBITRATED IN A STATE BAR ARBITRATION, SUCH ARBITRATION SHALL NOT BE BINDING UNLESS BOTH OF US AGREE AFTER THE FEE DISPUTE ARISES THAT THE STATE BAR ARBITRATION WILL BE BINDING.

IF A FEE DISPUTE IS ARBITRATED IN A STATE BAR ARBITRATION WHICH WE DID NOT BOTH AGREE WOULD BE BINDING, FOLLOWING THE AWARD OF THE ARBITRATOR, EITHER OF US SHALL HAVE THE RIGHT TO SUBMIT SUCH FEE DISPUTE TO ARBITRATION CONDUCTED UNDER THE COMMERCIAL ARBITRATION RULES OF THE JUDICIAL ARBITRATION AND MEDIATION SERVICES

Case: 15-51771    Doc# 16    Filed: 05/27/15    Entered: 05/27/15 16:58:51    Page 22 of 31

("JAMS") BEFORE THREE ARBITRATORS SELECTED FROM THE LARGE COMPLEX CASE PROGRAM PANEL ("JAMS ARBITRATION").

IF YOU DO NOT MAKE THE ELECTION TO HAVE A FEE DISPUTE ARBITRATED IN A STATE BAR ARBITRATION, EITHER OF US SHALL HAVE THE RIGHT TO HAVE SUCH FEE DISPUTE DECIDED BY JAMS ARBITRATION. EITHER OF US SHALL HAVE THE RIGHT TO SUBMIT ANY OTHER DISPUTE TO JAMS ARBITRATION. IN ANY OTHER ARBITRATION OTHER THAN A STATE BAR ARBITRATION, THE DECISION OF THE ARBITRATORS SHALL BE FINAL AND BINDING ON THE PARTIES AND JUDGMENT ON ANY SUCH ARBITRATION AWARD MAY BE ENTERED UNDER THE CALIFORNIA CODE OF CIVIL PROCEDURE.

IF WE HAVE BOTH AGREED AFTER A FEE DISPUTE HAS ARISEN THAT THE STATE BAR ARBITRATION OF SUCH FEE DISPUTE SHALL BE BINDING, THE DECISION OF THE ARBITRATOR IN SUCH STATE BAR ARBITRATION SHALL BE FINAL AND BINDING ON THE PARTIES AND JUDGMENT ON ANY SUCH ARBITRATION AWARD MAY BE ENTERED UNDER THE CALIFORNIA CODE OF CIVIL PROCEDURE. IN ANY ARBITRATION, EACH PARTY SHALL PAY ITS OWN COSTS, INCLUDING ATTORNEYS' FEES.

BY SIGNING THIS AGREEMENT, YOU REPRESENT THAT YOU HAVE READ THIS ARBITRATION PROVISION AND FULLY UNDERSTAND THE CONSEQUENCES OF AGREEING TO ARBITRATION. THE CONSEQUENCES INCLUDING THE FOLLOWING: YOU ARE GIVING UP YOUR RIGHT TO HAVE ALL DISPUTES BETWEEN US DETERMINED BY A COURT OF LAW OR BY A JURY.

BY SIGNING THIS AGREEMENT, YOU ALSO SIGNIFY THAT YOU UNDERSTAND THAT YOU ARE FREE TO CONSULT WITH COUNSEL OF YOUR CHOOSING ABOUT THE WISDOM OF AGREEING TO ARBITRATION OR TO ANY OTHER TERM OF THIS AGREEMENT BEFORE SIGNING IT AND THAT YOU ARE VOLUNTARILY SIGNING THIS AGREEMENT.

CORRALITOS FARMS, LLC

By: Robert Fritz Koontz, its Manager

Dated: _____ 4/29/15



# IMPORTANT INFORMATION FOR CLIENTS

*This document describes Thomas Vogele & Associates, APC's normal terms of engagement for providing legal services. These terms are in addition to our engagement letter and are an integral part of our agreement to provide you with legal services. Please review this document carefully and save it for your files. If you have any questions after reviewing it, please contact us promptly.*

**WHO WILL PROVIDE THE LEGAL SERVICES TO YOU?** – Normally, one attorney will be your principal contact at the Firm. In some cases, portions of the work on your matter may be delegated to other lawyers, legal assistants, paralegals or non-legal professionals in the Firm. We do this in order to include attorneys and staff with unique knowledge or experience in an area and to provide our services to you in the most efficient manner.

**DEFINING OUR SERVICES TO YOU** – The matter in which we will be representing you is specified in our engagement letter with you. It is important that you have a clear understanding of the legal services we will provide. Accordingly, if at any time you have questions regarding the scope of our services, please communicate with your principal contact at the Firm.

We will represent you zealously and act on your behalf to the best of our ability at all times. We will use our best professional judgment whenever we give you an expression regarding the potential risks and outcome of your matter. However, we cannot guarantee the outcome of any matter. Any expression of our professional judgment regarding your matter or the potential outcome is, of course, limited by our knowledge of the facts and based on the law at the time of expression. Other unknown or uncertain factors or conditions beyond our control may also affect the outcome of your matter.

**WHO IS OUR CLIENT?** – It is our policy to represent only the person or entity identified in our engagement letter. Unless expressly stated in the engagement letter, our representation of you does not extend to any other person or entity affiliated or associated with you.

Thomas Vogele & Associates, APC
Page 1 of 4

For example, if you are a corporation, our representation does not include any of your parents, subsidiaries, employees, officers, directors, shareholders, or partners, or any entities in which you own an interest. If you are a partnership, our representation does not extend to the individual partners of the partnership. If you are a trade association, our representation excludes members of the trade association. If you are an individual, our representation does not include your spouse, siblings, or other family members. In addition, the advice and communications which we render on your behalf are not intended to be distributed to or relied upon by any other parties without our written consent.

**CONFLICTS OF INTEREST** – Conflicts of interest are a concern for lawyers and clients alike. On occasion, we may be asked to represent someone whose interests may be adverse to yours. We are accepting this engagement with your consent that we may accept any other engagement from an existing or new client, even if the matter requires that we take a position that is or might be directly adverse to you or, where applicable, one of your affiliates, provided that the engagement is not substantially related to the subject matter of any services we have provided to you and will not require disclosure of any of your confidential information. This advance waiver of conflicts includes litigation matters in which we may represent a client who is adverse to you or, where applicable, another member of your corporate family. In such a case, we will implement, where appropriate, screening restrictions to ensure that your confidential information is protected.

**HOW WE DETERMINE OUR FEES** – Our fees for legal services are determined on the grounds set forth in the engagement letter itself and include consideration of the factors including, but not limited to the following:

- The experience, specific skills, and reputation of the lawyers and others who provide services to you;

- The time and effort required to complete the matter, the unique and complex nature of the issues presented, our availability to perform the legal services promptly, and on occasion, the risk assumed by our Firm;

- Any time constraints imposed by the circumstances of the project; and

- The extent to which our Firm's attorneys, office procedures and systems will produce a high-quality product on a substantially more efficient basis than would otherwise be the norm for the type of matter involved

Our rates are adjusted periodically and we typically record the time spent providing legal services in six minute increments, as required by the U.S. Bankruptcy Court.

On occasion, clients may ask us to estimate the total fees and other charges they are likely to incur in connection with a certain matter. While we are pleased, when possible, to give an estimate based on our professional judgment, our agreement to provide any such estimate is based on the mutual understanding that, unless otherwise agreed in writing, it does not constitute a guaranteed maximum,

Case: 15-51771    Doc# 16    Filed: 05/27/15    Entered: 05/27/15 16:58:51    Page 25 of 31

minimum, or fixed-fee quotation. The ultimate cost is often more or less than the amount estimated.

**OTHER CHARGES** — In connection with providing legal services, we typically incur and pay a variety of charges on your behalf. We may also charge for certain ancillary support services. If such charges are incurred on your behalf, we bill them to you separately. These charges may include long-distance telephone calls; messenger, courier, and express delivery services; facsimile communications; document printing, reproduction, scanning and imaging; court and administrative filing fees; depositions and transcripts; witness fees; travel expenses; computer research; and charges made by outside experts and consultants.

It is our normal policy to coordinate with certain service providers (such outside consultants, expert witnesses and court reporters) to invoice you directly where possible. Because we often have ongoing professional relationships with such persons, we appreciate your prompt payment of such invoices along with confirmation to us that your payment has been made.

**RETAINERS** — We may ask you to provide us with a retainer. A "retainer" is a form of "down-payment" on legal services that we will provide to you. By your agreement to these terms, you authorize the Firm to credit the retainer toward your legal fees and expenses on a monthly basis, unless we agree to a different arrangement. If the retainer is insufficient to cover current fees and other charges on a regular basis, we may ask you to replenish or increase it, and you agree to do so if asked. Even if we do not make this request, you agree to pay our statements when due.

**BILLING AND PAYMENT TERMS** — We will bill you on a regular basis—typically, each month—for both fees and other charges incurred. You agree to make payment upon receipt of our statement. In the event your account becomes delinquent and we are not able to agree on satisfactory payment terms, we may withdraw from representation you consistent with the applicable rules. Even if we withdraw from representation, you will still be responsible for payment of our legal fees rendered and charges incurred prior to such withdrawal.

We look to you, as our client, for payment regardless of whether you are insured to cover the particular risk. On occasion, we assist clients in pursuing third parties for recovery of attorneys' fees and other charges resulting from our services. These situations may include payments under contracts, statutes or insurance policies. However, it remains your obligation to pay all amounts due to us upon receipt of our statement.

**LIEN** — You agree that we shall have a lien on any and all claims or causes of action that are the subject of the representation under this Agreement. The lien will be for any sums owing to us at the conclusion of services performed. The lien will attach to any recovery you may obtain, whether by arbitration award, judgment, settlement or otherwise. The effect of such a lien is that we may be able to compel payment of fees and costs from any such funds recovered on your behalf even if we have been discharged before the end of the case. Because a lien may affect your property rights, you

Case: 15-51771    Doc# 16    Filed: 05/27/15    Entered: 05/27/15 16:58:51    Page 26 of 31

may seek the advice of an independent lawyer of your choice before agreeing to such a lien. You represent and agree that you have had a reasonable opportunity to consult such an independent lawyer and – whether or not you have chosen to consult such an independent lawyer – you agree that we will have a lien as specified above.

**TERMINATION OF RELATIONSHIP** – Our attorney-client relationship will be terminated once we complete the matters for which you have retained us to provide legal services. If you later retain us to perform further or additional services, our attorney-client relationship will be revived subject to these terms of engagement unless we agree in writing to different terms at that time.

You may terminate our representation at any time, with or without cause, by notifying us and subject to court approval when required for matters in litigation. Similarly, we may withdraw from representing you upon written notice to you and, where necessary, obtaining permission from the Court. In those cases where permission from the Court is required, you agree to cooperate with us in seeking such permission. Upon termination, we will promptly return your original papers and other property to you upon receipt of your request for those materials. We will retain our own files pertaining to the matter or case, including our drafts, notes, internal memos, and work product as permitted by applicable law. We shall have the right to make copies of your files in the event we deem it necessary and you agree that such copies shall be made at your expense. The termination of our services will not affect your obligation to pay for legal services provided and other charges incurred on your behalf before termination and in connection with an orderly transition of the matter.

**DISPUTE RESOLUTION AND ATTORNEYS' FEES** – In the unlikely event that a dispute arises regarding our representation or your payment of fees, and legal action is initiated by either party, the prevailing party in such action or proceeding arising out of or to enforce any provision of this Agreement, with the exception of a fee arbitration or mediation under Business and Professions Code Sections 6200-6206, will be awarded reasonable attorneys' fees and costs incurred in that action or proceeding, or in the enforcement of any judgment or award rendered.

**DESTRUCTION OF DOCUMENTS AND OTHER MATERIALS** – Unless you instruct us in writing otherwise, and after a reasonable period of time has passed, we will, at our discretion, destroy or dispose of documents (hard copies, electronic and any other media) and other materials that remain in our possession relating to any matter for which our services have been completed or terminated.

**CONCLUSION** – We appreciate the opportunity to assist you with your legal matters and we look forward to a long and mutually satisfying relationship with you. We are here for you and encourage you to please bring any questions or concerns you may have during our relationship to the attention of your principal contact at the Firm.

| In re: SANTA CRUZ FARMING COMPANY, LLC | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 15-51771 |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3199 Airport Loop Drive, Suite A3, Costa Mesa, California 92626**

A true and correct copy of the foregoing document described **CHAPTER 11 DEBTOR-IN-POSSESSION'S NOTICE OF MOTION AND MOTION TO EMPLOY GENERAL INSOLVENCY COUNSEL (THOMAS VOGELE & ASSOCIATES, APC); DECLARATIONS OF THOMAS A. VOGELE AND ROBERT FRITZ KOONTZ IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _5/27/2015_ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- United States Trustee (SJ) USTPRegion17.SJ.ECF@usdoj.gov, ltroxas@hotmail.com
- Thomas A Vogele on behalf of Debtor tvogele@tvalaw.com
- Effie F. Anastassiou on behalf of Creditor K&M Enterprises, LLC effieesq@salinasaglaw.com; paralegal@salinasaglaw.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On _5/27/2015_ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _5/27/2015,_ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/27/15 | | /s/ Angela Brown |
|---|---|---|

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_August 2010_                                                     **F 9013-3.1.PROOF.SERVICE**

Case: 15-51771    Doc# 16    Filed: 05/27/15    Entered: 05/27/15 16:58:51    Page 28 of
31

| In re: SANTA CRUZ FARMING COMPANY, LLC<br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 15-51771 |
| --- | --- |

PO BOX 5014
Carol Stream, IL 60197

**VIA OVERNITE EXPRESS**
Judge M. Elaine Hammond
United States Bankruptcy Court
Northern District of California
United States Courthouse, Room 3035
280 South First Street
San Jose, CA 95113-3099

Blue Book Services
845 E. Geneva Road
Carol Stream, IL 60188-3520

C&N Tractors
496 Salinas Road
Watsonville, CA 95076

**VIA US MAIL**
UNITED STATES TRUSTEE (SJ)
80 S 1st St #268
San Jose, CA 95113

Cal Coastal Rural Development
221 Main Street, Suite 301
Salinas, CA 93901

A&B Fire Prot. and Safety, Inc.
PO BOX 1211
Salinas, CA 93902

California Strawberry Commission
PO BOX 269
Watsonville, CA 95077

Agricultural Data System
24331 Los Arboloes
Laguna Niguel, CA 92677

California Tire Mobile Service
597 El Camino Real
Salinas, CA 93907

Alhambra
PO BOX 660579
Dallas, TX 75266-0579

Canadian Produce Marketing Association
162 Promenade Cleopatra Drive
Ottawa, ON Canada K2G 5X2

Alvarez Technology Group, Inc.
209 Pajaro Street, Suite A
Watsonville, CA 95076-2460

Cardmember Services
PO BOX 790408
Saint Louis, MO 63179-0408

Andrew Koontz
8038 S. 174th Street
Higley, AZ 85236

CCOF Certification Services, LLC
2155 Delaware Avenue, Suite 150
Santa Cruz, CA 95060

Applied Industrial Technologies
PO BOX 100538
Pasadena, CA 91189

Cedar Point Nursery
PO BOX 1447
Klamath Falls, OR 97601

Armando Ramirez
287 Carsserly Road
Watsonville, CA 95076

Chappell Pump & Supply
PO BOX 1683
Gilroy, CA 95021-1683

AT&T

Corralitos Farms, LLC
116 Martinelli Street, Suite 7

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9013-3.1.PROOF.SERVICE**

Case: 15-51771    Doc# 16    Filed: 05/27/15    Entered: 05/27/15 16:58:51    Page 29 of
31

| In re: SANTA CRUZ FARMING COMPANY, LLC | CHAPTER: 11 |
| Debtor(s). | |
| | CASE NUMBER: 15-51771 |

Watsonville, CA 95076

Cypress Ag Consulting
PO BOX 3597
Freedom, CA 95019

Del Mar Food Products
1720 Beach Rd
Watsonville, CA 95076

Department of Motor Vehicles
PO Box 942869
Sacramento, CA 94269-0001

EDD
Bay Area Collection Office
7677 Oakport Street, Suite 400
Oakland, CA 94621-1933

Effie F. Anastassiou, Esq.
Anastassiou & Associates
PO BOX 2210
Salinas, CA 93902

Famous Software
8080 North Palm Ave., Suite 210
Fresno, CA 93711

Farmer Bros. Co.
PO BOX 79705
City of Industry, CA 91716-9705

FedEx
PO BOX 7221
Pasadena, CA 91109-7321

Fenton & Keller
PO BOX 791
Monterey, CA 93942

Franchise Tax Board
Bankruptcy Section MS A-340
PO Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
Department of the Treasury
Ogden, UT 04201-0005
Julie Packard & Nancy Burnett
6551 Glen Haven Road
Soquel, CA 95073

K&M Enterprises, LLC
PO BOX 1464
Watsonville, CA 95077

Kanaka Peak Service
PO BOX 1287
Watsonville, CA 95077

Lakeside Organic Gardens, LLC
577 Judd Road
Watsonville, CA 95076

Mar Monte Clinic
846 Freedom Blvd
Watsonville, CA 95076

Monterey County Tax Collector
PO BOX 891
Salinas, CA 93902-0891

NABTA USA International, Inc.
6955 Barton Road
Granite Bay, CA 95746
Nationwide Agribusiness Ins.

McSherry & Hudson
PO BOX 2690
Watsonville, CA 95077

Norcal Nursery
PO BOX 1012
Red Bluff, CA 96080

Osuna Auto Electric
309 W Beach St
Watsonville, CA 95076

Pacific Gas and Electric Company

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

| In re: SANTA CRUZ FARMING COMPANY, LLC | CHAPTER: 11 |
| Debtor(s). | |
| | CASE NUMBER: 15-51771 |

Center Tower, 650 Town Center Dr
Costa Mesa, CA 92626

PO BOX 1119
Watsonville, CA 95077

Pajaro Valley Printing
1827 Freedom Blvd.
Freedom, CA 95019

Tom Lange Company, Inc.
Tom Lange Company International, Inc.
5231 South 6th St Road
Springfield, IL 62701

Pajaro Valley Water Management
36 Brennan St
Watsonville, CA 95076

United Fresh Produce
PO BOX 409263
Atlanta, GA 30384

Purchase Power
PO BOX 371874
Pittsburgh, PA 15250-7874

USDA PACA Branch
Tucson Federal Building, Room 7 T
300 West Congress Street
Tucson, AZ 85701-1319

RDO Water, LLC
10108 Riverford Road
Lakeside, CA 92040

Verizon Wireless
PO BOX 660108
Dallas, TX 75266-0108

Richard Jon Gurnee, Switzer Trust,
Etheleen Callender Trust
724 Brewington Avenue
Watsonville, CA 95076

Walking World, Inc.
1467 Siskiyou Blvd. #48
Ashland, OR 97520

Robert Fritz Koontz
29 Prendergast Lane
Watsonville, CA 95076

WATSONVILLE POST OFFICE [Box 1061]
225 Main St
Watsonville, CA 95076

Robert Stevens
PO BOX 874
Soquel, CA 95073

Wendal Rosen Black & Dean, LLP
PO BOX 2047
Oakland, CA 94607

Rodney Koontz
111 South 34th Street
Phoenix, AZ 85034

Western Growers
17620 Fitch Street
Irvine, CA 92614

State Fund W/C Insurance Policy
6203 San Ignacio Avenue, #200
San Jose, CA 95119

WQS Food Verification LLC
7301 Carmel Executive Park Drive
Suite 304
Charlotte, NC 28226

State Steel Company
56 Porter Drive
Watsonville, CA 95076

Taylor's Office City

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

F 9013-3.1.PROOF.SERVICE

Case: 15-51771    Doc# 16    Filed: 05/27/15    Entered: 05/27/15 16:58:51    Page 31 of 31