WILLIAM S. BRODY (SBN: 136136)
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017
Telephone: (213) 891-0700
Fax: (213) 896-0400
Email: wbrody@buchalter.com

JOSEPH M. WELCH (SBN: 259308)
BUCHALTER NEMER
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (949) 760-1121
Fax: (949) 720-0182
Email: jwelch@buchalter.com

Attorneys for Secured Creditors
Tom Lange Company, Inc. and
Tom Lange Company International, Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>SANTA CRUZ BERRY FARMING COMPANY, LLC,<br><br>Debtor. | Case No. 15-51771 - MEH<br><br>Chapter 11<br><br>**LIMITED OBJECTION TO EMERGENCY MOTION FOR (I) ORDER APPROVING USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION FOR USE THEREOF, AND (III) SCHEDULING FINAL HEARING**<br><br>Hearing:<br><br>Date: May 29, 2015<br>Time: 11:00 a.m.<br>Ctrm: Room 3070<br>280 South First Street<br>San Jose, CA 95113-3099 |

Tom Lange Company, Inc. and Tom Lange Company International, Inc. (together, "TLC") hereby file this limited objection to the emergency motion for use of cash collateral

1

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**LIMITED OBJECTION TO EMERGENCY MOTION FOR CASH COLLATERAL**

Case: 15-51771    Doc# 23    Filed: 05/28/15    Entered: 05/28/15 14:22:27    Page 1 of 14
BN 18389519v2

("Motion") by Santa Cruz Berry Farming Company, LLC and Corralitos Farms, LLC (together, "Debtors") and respectfully represent as follows:

## I. INTRODUCTION

Following months of extensive negotiations and revisions to forbearance and related documents with Debtors' former counsel, Wendell Rosen Black & Dean LLP, TLC circulated execution copies of what it expected to get back over the Memorial Day weekend. Instead, what TLC received on Tuesday morning was a notice from Debtors' *new counsel*, Thomas Vogele & Associates, APC, that Debtors filed voluntary petitions for chapter 11 relief. For the very first time ever, Debtors allege multi-million dollar claims *against TLC* based on "insider" relationships and accounting errors from years ago. Far from addressing Debtors' limited and immediate need to pay expenses (which TLC does not oppose), Debtors seek to poison the well with aspersions, hyperbole, and inflammatory rhetoric that all reach far beyond the relief requested in the Motion.

While TLC recently committed to funding significant business operations and resolving all (then known) disputes, Debtors have chosen a much different path: one nuclear on its face, but vacuous up close. In respecting the Court's calendar and immediate priorities in these bankruptcy cases, TLC limits this objection to the very limited relief requested in the Motion. TLC will address the balance of Debtors' self-inflicted injuries and emergencies at an appropriate time later.

## II. ARGUMENT

Cash collateral is defined in section 363(a) of the Bankruptcy Code as "cash… or cash equivalents… whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds… of property subject to a security interest as provided in section 552(b)…" 11 U.S.C. § 363(a). At this time, TLC does not consent to the Debtor's use of Cash Collateral, and indeed, on May 26, 2015, filed its *Notice of Non-Consent to Use of Cash Collateral*. Section 363(e) of the Bankruptcy Code provides that in such circumstance, Debtors can use Cash Collateral *only if* they provide "adequate protection" of TLC's interest in Cash Collateral. 11 U.S.C. § 363(c).

2

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**LIMITED OBJECTION TO EMERGENCY MOTION FOR CASH COLLATERAL**

BN 18389519v2

Case: 15-51771    Doc# 23    Filed: 05/28/15    Entered: 05/28/15 14:22:27    Page 2 of 14

Here, Debtors failed to provide *any* evidence showing how secured lenders are adequately protected. While Debtors speak broadly about "equity cushions" using bold projections in future crops, Debtors do not justify their assumptions or explain how farming operations will reach the scale required, especially where real property leases likely expire this year. Moreover, Debtors provide no support for their contention that California Coastal Rural Development Bank has a senior lien "on all assets of both Debtors." Motion, p.6:10-15. Instead, all liens in and to the Debtors' assets are specifically identified in documents not presented to the Court.

While these and other points will be analyzed in detail at a final hearing on the Motion, TLC submits a proposed order with provisions it believes are appropriate for Debtors' interim use of cash collateral. That proposed order is enclosed as Exhibit A and uploaded to L.O.U. for the Court's convenience. TLC's counsel can discuss that order at tomorrow's hearing.

## III. CONCLUSION

Again, in deference to the Court, TLC looks beyond Debtors' rhetoric and limits this objection to the relief requested in the Motion. TLC requests the Court approve the Cash Collateral order substantially in the form attached hereto as Exhibit A. TLC further requests the Court grant such other relief as is just and appropriate under the circumstances.

DATED: May 28, 2015

BUCHALTER NEMER
A Professional Corporation

By: */s/ Joseph M. Welch*
    WILLIAM S. BRODY
    JOSEPH M. WELCH
    Attorneys for Secured Creditors
    Tom Lange Company, Inc. and
    Tom Lange Company International, Inc.

3

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**LIMITED OBJECTION TO EMERGENCY MOTION FOR CASH COLLATERAL**

BN 18389519v2

Case: 15-51771    Doc# 23    Filed: 05/28/15    Entered: 05/28/15 14:22:27    Page 3 of 14

# EXHIBIT A

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>SANTA CRUZ BERRY FARMING COMPANY, LLC, a California limited liability company,<br><br>      Debtor.<br>. | Case No. 15-51771 MEH<br><br>Chapter 11<br><br>**EMERGENCY ORDER GRANTING EMERGENCY MOTION FOR (i) ORDER APPROVING USE OF CASH COLLATERAL (II) GRANTING ADEQUATE PROTECTION, AND (III) SCHEDULING FINAL HEARING – ON AN INTERIM AND LIMITED BASIS [TROUGH JUNE __, 2015]**<br><br>Date: May 29, 2015<br>Time: 11:00 a.m.<br>Place: United States Courthouse<br>       Courtroom 3070<br>       280 South First Street<br>       San Jose, CA 95113-3099 |

On May 29, 2015, at 11:00 a.m., a hearing (the "Emergency Hearing") was held on an emergency basis before the Honorable M. Elaine Hammond, United States Bankruptcy Judge presiding, in Courtroom 3070 in the United States Bankruptcy Court, United States Courthouse, 280 South First Street, San Jose, CA 95113-3099 (the "Court") regarding the Emergency Motion

**EMERGENCY ORDER GRANTING EMERGENCY MOTION FOR (i) ORDER APPROVING USE OF CASH COLLATERAL, ETC. [THROUGH JUNE __, 2015]**

Case: 15-51771   Doc# 23   Filed: 05/28/15   Entered: 05/28/15 14:22:27   Page 5 of 14

BN 18392804v1

for (I) Order Approving Use of Cash Collateral (II) Granting Adequate Protection, and (III) Scheduling Final Hearing (the "Motion") filed by Santa Cruz Berry Farming Company, LLC, the debtor and debtor in possession (the "Debtor") in the above-captioned bankruptcy case (the "Case"). All appearances are as noted on the record.

Having considered Motion, all papers in support of the Motion, the Limited Objection filed by Tom Lange Company, Inc. and Tom Lange Company International, Inc. ("TLC"), the presentation and argument of counsel at the Emergency Hearing, and for good cause, the Court finds and orders as follows:

**IT IS HEREBY FOUND** that:

A. <u>Bankruptcy</u>.

1. On May 26, 2015, Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the Case (the "Petition Date").

B. <u>Use of Cash Collateral</u>.

1. <u>Need for Use of Cash Collateral</u>. Debtor asserts that it has an immediate need to use Cash Collateral in order to continue its business operations and avoid immediate and irreparable harm.

3. <u>Adequate Protection</u>. The rents, issues, profits and proceeds (the "Cash Collateral") of the assets of Debtor's bankruptcy estate (the "Estate") existing as of the Petition Date (collectively with the Cash Collateral, the "Prepetition Collateral") constitutes "cash collateral" of TLC and certain other secured parties (collectively, the "Secured Parties") within the meaning of section 363(a) of the Bankruptcy Code, and pursuant to sections 361 and 363(e), the Secured Parties are entitled to adequate protection of their respective interests in the Collateral in connection with Debtor's use of the Cash Collateral. The provision of adequate protection as approved by this Order is without prejudice to any Secured Parties' rights with respect to whether such adequate protection provided constitutes sufficient "adequate protection" of such Secured Parties' interest in the Collateral within the meaning of section 361.

Based upon the foregoing findings, the Court makes the following Order.

**IT IS HEREBY ORDERED** that:

SECTION 1. <u>Authorization and Conditions to Use of Cash Collateral</u>.

    1.1    <u>Authorization to Use Cash Collateral</u>. Pursuant to the terms and conditions of this Order, Debtor is authorized to use the Cash Collateral, as follows:

        1.1.1    <u>Expiration Date</u>. Debtor is authorized to use Cash Collateral on a limited and emergency basis <u>through and including June __, 2015</u> (the "Use Period").

        1.1.2    <u>Budget</u>. Debtor is authorized to use Cash Collateral solely to pay only those certain expenses actually incurred during the Use Period pursuant to the budget attached hereto as <u>Exhibit A</u>.

        1.1.3    <u>Procedure for Use of Cash Collateral</u>. All Cash Collateral, now or hereafter in possession of Debtor and the Estate shall be deposited by Debtor in a segregated account (the "Designated Account") and shall be subject to Secured Parties' liens and security interests to the same extent, validity and priority that such liens and security interests exist as of the Petition Date.

SECTION 2. <u>Adequate Protection</u>.

    2.1    <u>Postpetition Liens</u>.

        2.1.1    <u>Postpetition Lien Granting</u>. Each Secured Party is granted by Debtor, effective as of the Petition Date, a "replacement lien" pursuant to sections 361 and 363(e) (a "Postpetition Lien") in all prepetition and postpetition assets in the Estate, whether tangible or intangible, whether by contract or operation of law, and including all Cash Collateral thereof (collectively, the "Postpetition Collateral", and collectively with the Prepetition Collateral, the "Collateral"), including without limitation, claims or causes of action possessed by Debtor's bankruptcy estate under sections 544, 545, 547, 548, 553(b), or 723(b), and all proceeds therefrom, but only to the extent there is a diminution in value of the Prepetition Collateral, whether from the use of Cash Collateral or otherwise.

        2.1.2    <u>Postpetition Lien Priority</u>. The Postpetition Lien in favor of each Secured Party is deemed to have the same extent, validity and priority as the Prepetition Lien in favor of such Secured Party, subject only to any lien or security interest that is valid, perfected and senior

to the interest of such Secured Party effective as of the Petition Date and not otherwise avoided and preserved under section 551.

        2.1.3    <u>Postpetition Lien Perfection</u>.  This Order constitutes sufficient and conclusive evidence of the granting, attachment, priority, perfection, and validity of the Postpetition Lien, effective as of the date and time of entry of this Order, without any further act required under federal, state, or local law requiring notice, filing, registration, recording, possession or other act to validate or perfect a security interest or lien, including without limitation deposit account control agreements, merchant payment agreements, merchant payment direction letters, cash transport agreements, and such other agreements with any party possessing or asserting an interest in the Collateral (a "Perfection Act").  Notwithstanding the foregoing, if any Secured Party, in its sole discretion, elects to effectuate a Perfection Act, each Secured Party is authorized to perform such act, and if requested by a Secured Party, Debtor is authorized to perform such act to the extent necessary or required, and in such event, the subject filing or recording office or agency is authorized to accept, file, and/or record any document in regard to such act in accordance with applicable law.  No defect or failure in connection with an attempt to perform a Perfection Act shall limit, waive, or alter the validity, enforceability, attachment, or perfection of the Postpetition Lien by virtue of entry of this Order.

    2.2    <u>Section 507(b) Priority</u>.  Each Secured Party shall have an allowed super priority administrative claim of the kind and priority, to the extent applicable, under sections 503(b) and 507(b).

    2.3    <u>Adequate Protection</u>.  Entry of this Order does not affect the rights of any Secured Parties objecting to the use of the Cash Collateral or contesting the adequate protection provided pursuant to this Order as sufficient adequate protection of its interests.

SECTION 3.  <u>Representations; Covenants; and Waivers</u>.

    3.1    <u>Reporting</u>.  Debtor shall timely provide each Secured Party with (a) a weekly report, in form and substance acceptable to the Secured Party receiving such report, detailing the sales that occurred during the weekly period, the cash receipts from sales received during the applicable weekly period, the amount of cash in all bank accounts, and a schedule comparing

**EMERGENCY ORDER GRANTING EMERGENCY MOTION FOR (i) ORDER APPROVING USE OF CASH COLLATERAL, ETC. [THROUGH JUNE __, 2015]**

BN 18392804v1

Case: 15-51771   Doc# 23   Filed: 05/28/15   Entered: 05/28/15 14:22:27   Page 8 of 14

actual collections and expenditures (by expense category) on a cash basis to those expenses set forth in the Budget for each week ending on Friday (a "Reconciliation Report") to be delivered to each Secured Party not later than 5:00 p.m. on the following Monday, (b) all documents and information submitted by Debtor to the United States Trustee, and (c) upon the reasonable request of a Secured Party, such other information pertaining to Debtor's operations, financial affairs, and the Collateral, including but not limited to bills, invoices, bank statements, cancelled checks and receipts.

  3.2 <u>Access to Premises</u>.  Upon the reasonable request of a Secured Party and 24 hour notice, Secured Parties are permitted to access any premises occupied by Debtor for the purpose of enabling such Secured Party to inspect and audit the Collateral and Debtor's books and records, so long as such access and inspection is reasonable and do not substantially interfere with Debtor's operations.

  3.3 <u>Insurance</u>.  Debtor shall maintain at all times casualty insurance coverage of the Collateral in compliance with the United States Trustee Guidelines and in an amount acceptable to each Secured Party to sufficiently cover each Secured Party's interests in the Collateral.  Such insurance is to specifically include such Secured Party as a loss payee and additional insured.  Debtor is required to deliver proof of such insurance to each Secured Party within 5 days of the entry of this Order.

SECTION 4.  <u>Debtors Waivers, Consents and Releases</u>.

  4.1 <u>Debtor's Waivers</u>.  Debtor waives any rights that it may have to (a) use Cash Collateral pursuant to section 363 during the Use Period on terms other than those set forth in this Order, and (b) incur financing or indebtedness out of the ordinary course during the Use Period that includes the granting of liens, claims or interests in favor of such other party that are senior or pari passu with the liens, claims and interests in favor of Secured Parties.

  4.2 <u>Section 506(c) Waiver</u>.  No costs or expenses of administration incurred during the Use Period shall be charged against any Secured Party or the Collateral pursuant to sections 105, 506(c), 552(b) (with respect to the Court's ability to order otherwise as provided in such section), or any similar principle of law, without the prior written consent of such Secured

**EMERGENCY ORDER GRANTING EMERGENCY MOTION FOR (i) ORDER APPROVING USE OF CASH COLLATERAL, ETC. [THROUGH JUNE __, 2015]**

Case: 15-51771 Doc# 23 Filed: 05/28/15 Entered: 05/28/15 14:22:27 Page 9 of 14

BN 18392804v1

Party, and no such consent shall be implied from any other action, inaction or acquiescence by such Secured Party.

SECTION 5. <u>Default; Rights and Remedies; Relief from Stay</u>.

5.1 <u>Event of Default</u>. An Event of Default under this Order shall occur upon any of the following events: (a) a breach or failure to comply with any term, covenant, representation, warranty or requirement of this Order or any other order of the Court, (b) the granting in favor of any party other than Secured Parties of a security interest in or lien upon any Collateral or a claim against the Estate having priority senior or pari passu with the security interests, liens or claims in favor of the Secured Parties, except to the extent that such party had a security interest in or lien upon property of the Estate on the Petition Date that was senior in priority senior or pari passu with the security interests, liens or claims of each Secured Party existing on the Petition Date, (c) entry of an order converting this Case to a case under chapter 7 of the Bankruptcy Code, (d) entry of an order appointing or resulting in the appointment of a trustee in this Case, (e) entry of an order granting relief in favor of any other party (including lessors and landlords) that includes enabling such party to exercise state law or contractual rights and remedies with respect to property of the Estate that could have a material adverse effect on Debtor, its business or the Collateral, or (f) any stay, reversal, vacation or rescission of the terms of this Order, or any modification of any terms of this Order that is not reasonably acceptable to the Secured Parties.

5.2 <u>Remedies on Occurrence of Event of Default</u>.

5.2.1 <u>Notice of Default</u>. Upon the occurrence of an Event of Default, any Secured Party may provide notice of the default (a "<u>Notice of Default</u>") via email, facsimile or overnight mail to (a) Debtor, (b) counsel for Debtor, and (c) in the event an Official Committee of Unsecured Creditors is formed in the Case (the "Committee") and retains counsel, to counsel for the Committee.

**EMERGENCY ORDER GRANTING EMERGENCY MOTION FOR (i) ORDER APPROVING USE OF CASH COLLATERAL, ETC. [THROUGH JUNE __, 2015]**

BN 18392804v1

Case: 15-51771    Doc# 23    Filed: 05/28/15    Entered: 05/28/15 14:22:27    Page 10 of 14

5.2.2 Consequences Upon Notice of Default.

(a) No Further Use of Cash Collateral. Upon delivery of a Notice of Default or the last day of the Use Period, Debtor is prohibited from any further use of Cash Collateral without further written consent of Secured Parties or an order of the Court.

(b) Relief from Automatic Stay. Upon Debtor's failure to cure an Event of Default within 5 days after the delivery of a Notice of Default, each Secured Party is entitled to file a declaration setting forth the evidence of the default and the service of the Notice of Default (the "Notice of Default Declaration") and request a hearing to consider a motion for relief from the automatic stay, a motion for the appointment of a chapter 11 trustee, or a motion to dismiss the Case, to be scheduled and heard on an expedited basis.

5.2.3 Retention of Rights. Notwithstanding the occurrence of an Event of Default, each Secured Party retains all of its rights, interests, liens, privileges, claims and protections granted, authorized or acknowledged by this Order.

5.2.4 Limited Relief from Automatic Stay to Effectuate Order. The automatic stay provisions of section 362 and any other restriction or injunction imposed by an order of the Court or by law are modified and vacated without further notice, application, motion, hearing, or order of the Court to the extent necessary to permit Secured Parties to perform any act authorized or permitted under this Order.

SECTION 6. Other Rights and Matters.

6.1 Power to Waive Rights; Duties to Third Parties. Each Secured Party retains the right to waive any interest, claim, right, remedy or privilege in its favor (a "Secured Party Right") and shall have no obligation or duty to any other party with respect to the exercise or enforcement, or failure to exercise or enforce any Secured Party Right, as applicable. Any waiver by a Secured Party of a Secured Party Right shall not be or constitute a continuing waiver. A delay in or failure to exercise or enforce any Secured Party Right shall neither constitute a waiver of such Secured Party Right, subject Secured Parties to any liability to any other party, nor cause or enable any other party to rely upon or in any way seek to assert as a

**EMERGENCY ORDER GRANTING EMERGENCY MOTION FOR (i) ORDER APPROVING USE OF CASH COLLATERAL, ETC. [THROUGH JUNE __, 2015]**

BN 18392804v1

Case: 15-51771    Doc# 23    Filed: 05/28/15    Entered: 05/28/15 14:22:27    Page 11 of 14

defense to any obligation owed by Debtor, any obligor or any other person or entity to Secured Parties.

    6.2    Reservation of Rights.  This Order is in addition to and without prejudice to the interests, claims, rights, remedies, and privileges under the Bankruptcy Code, applicable documents or agreements, or law, in favor of Debtor, each Secured Party, or any other party in interest, which each such party fully reserves, including without limitation rights to seek further, different, or additional adequate protection, to seek relief from the automatic stay, to seek an injunction, to not consent to or oppose any request for further use of Cash Collateral or granting of any interest in any of the Collateral or priority in favor of any other party, to object to any sale of assets, to object to the allowance and/or payment of compensation of professionals or other persons or entities seeking compensation or reimbursement from Debtor's bankruptcy estate, and to pursue all non-bankruptcy claims, rights and remedies.

    6.3    Further Hearing.  A hearing on Debtor's request for an order authorizing Debtor's further use of cash collateral on terms other than as provided in this Order shall be held on June ___, 2015, at _____ (the "Further Hearing") before the Court.

# # #

**EMERGENCY ORDER GRANTING EMERGENCY MOTION FOR (i) ORDER APPROVING USE OF CASH COLLATERAL, ETC. [THROUGH JUNE __, 2015]**

Case: 15-51771    Doc# 23    Filed: 05/28/15    Entered: 05/28/15 14:22:27    Page 12 of 14

BN 18392804v1

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine CA 92612.

On the date set forth below, I served the foregoing document described as:

**LIMITED OBJECTION TO EMERGENCY MOTION FOR (I) ORDER APPROVING USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION FOR USE THEREOF, AND (III) SCHEDULING FINAL HEARING**

on all other parties and/or their attorney(s) of record to this action by ☐ faxing and/or ☒ placing a true copy thereof in a sealed envelope as follows:

| | |
|---|---|
| *Debtor*<br>Corralitos Farms, LLC<br>116 Martinelli Street, Suite 7<br>Watsonville, CA 95076<br>SANTA CRUZ-CA | Thomas A. Vogele<br>Thomas Vogele and Associates, APC<br>3199 Airport Loop Drive, Suite A3<br>Costa Mesa, CA 92626 |
| *U.S. Trustee*<br>Office of the U.S. Trustee / SJ<br>U.S. Federal Bldg.<br>280 S 1st St. #268<br>San Jose, CA 95113-3004 | Thomas J. Polis<br>Polis & Associates, APLC<br>19800 MacArthur Blvd. #1000<br>Irvine, CA 92612 |

☒ **BY MAIL** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in Los Angeles, California on May 28, 2015. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☒ **SERVED BY PERSONAL DELIVERY** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) May 28, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed

Honorable M. Elaine Hammond
US Bankruptcy Court, Northern (San Jose)
United States Courthouse, Room 3035
280 South First Street
San Jose, CA 95113-3099

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

1
PROOF OF SERVICE
BN 18395364v1

Case: 15-51771    Doc# 23    Filed: 05/28/15    Entered: 05/28/15 14:22:27    Page 13 of 14

1  ☑   I declare under penalty of perjury under the laws of the State of California that the
2  foregoing is true and correct to the best of my knowledge.  Executed on May 28, 2015, at Irvine,
3  California.

4
5  ☑   I declare that I am employed in the office of a member of the bar of this court at whose
   direction the service was made.  Executed on May 28, 2015, at Irvine, California.
6
7  \_\_\_\_\_Danielle Cyrankowski_____         _____/s/ Danielle Cyrankowski_____

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES
BN 18395364v1

2
PROOF OF SERVICE

Case: 15-51771    Doc# 23    Filed: 05/28/15    Entered: 05/28/15 14:22:27    Page 14 of 14