Michael A. Sweet (Bar No. 184345)
msweet@foxrothschild.com
Dale L. Bratton (Bar No. 124328)
dbratton@foxrothschild.com
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone: (415) 364-5540
Facsimile: (415) 391-4436

Counsel for the Official Committee
of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>SANTA CRUZ BERRY FARMING COMPANY, LLC,<br><br>Debtor-in-Possession.<br><br>__Also affects:<br>√ Only Affects:<br><br>CORRALITOS FARMS, LLC,<br><br>Debtor-in-Possession. | Case No. 15-51771-MEH<br>Chapter 11<br><br>Jointly administered with<br>No 15-51772<br><br>**CREDITORS' COMMITTEE REPLY RE (I) K & M ENTERPRISE'S, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1); and**<br>**(II) CORRALITOS FARMS, LLC'S MOTION RE REJECT JANUARY 2003 BUY/SELL AGREEMENT**<br><br>Date: August 13, 2015<br>Time: 10:30 a.m.<br>Place: Courtroom 3070<br>       U.S. Courthouse<br>       280 S. First St.<br>       San Jose, CA 95118<br><br>Judge: Hon. M. Elaine Hammond |

The Official Committee of Unsecured Creditors of Santa Cruz Berry Farming Company, LLC (the "Committee"),[1] hereby submits this Reply concerning K & M Enterprise's, LLC'S Motion For Relief From The Automatic Stay Pursuant To 11 U.S.C. § 362(d)(1) ("Stay Relief Motion"), and Corralitos Farms, LLC'S Motion Re Reject January 2003 Buy/Sell Agreement ("Motion Reject Buy/Sell"), and states:

1. The Committee takes no position on whether debtor Corralitos may reject the January 2003 Buy/Sell Agreement with K & M Enterprises, LLC ("K&M") under applicable bankruptcy law.

2. However, there are concerns that should affect the scope of any relief from stay that might be granted K&M to proceed under the Buy/Sell Agreement. These concerns, and ways that the Court can alleviate them, are discussed below. K&M should not be granted relief from stay unless such relief is appropriately conditioned.

    a. There are already indications that the appraiser that K&M proposes to utilize under the Buy/Sell Agreement may not produce a fair and unbiased result. For a major example, proposed appraiser Jim Andersen states his value opinion will be influenced by the fact that the K&M Operating Agreement contains no provisions that require that any distributions be made to the members of K&M. Andersen Decl., at p. 3:5-8 (in ECF 88-2).

       This is quite wrong. The Operating Agreement for K&M, at p. 8, Sec. 14.02 (attached to Kelly Decl. Pt. I at ECF 88-3, p. 14), expressly provides that available cash of K&M shall be distributed to members "[p]eriodically, but not less frequently than at the end of each calendar quarter . . . ." Such a fundamental misunderstanding on Mr. Andersen's part at the outset is a matter of grave concern.

    b. Mr. Andersen's proposed methodology for the appraisal shows weaknesses. He does not discuss several of the factors standardly employed in appraisals of assets

---

[1] The Committee includes members who are creditors of Corralitos.

of closely held businesses in analogous settings where there is a desire not to sell the asset, such as for example the fair market value determinations required in filing Form 706 federal estate tax returns.  Mr. Andersen does not indicate that he would analyze the value of the business under the widely-employed and accepted discounted cash flow method, nor that he would undertake to locate and utilize the valuation of "comparables" from reasonably similar businesses.  These weaknesses suggest concern whether Mr. Andersen's proposed work would meet appropriate professional standards for reliability, and whether the result would be a properly appraised fair market value for the Debtor's interest in K&M.

c. K&M's opposition papers to the Buy/Sell Motion reflect some of the inadequacies already apparent in Mr. Andersen's approach to date.  K&M in its opposition (p. 2; ECF 88) suggests there is no market for the Debtor's minority interest in K&M, and at the same time urges that its appraiser will produce a "fair market value" for the interest.  This is more than a little contradictory.  Sound professional appraisers endeavor to place a value on property which will not be sold (as in the estate tax example), but do so with a thorough knowledge of and approach to the market for similar properties and utilizing the full and correct range of factors applied to such valuation.  K&M and its chosen appraiser give grounds for skepticism that this is what they would do.

d. Every California contract, including the Buy/Sell Agreement, includes an implied covenant of good faith and fair dealing.  *Ladd v. Warner Bros. Entertainment, Inc.*, 184 Cal. App. 4th 1298, 1306 (Cal. App. 2d Dist. 2010).  This is particularly so when one party (as here K&M) has discretionary power affecting the rights of the other party (here the Debtor).  *Id*.  The Committee is concerned that K&M shows indications that it will not perform in the required manner with respect to the treatment of the Debtor's minority interest and its fair and equitable valuation for professional appraisal purposes.  The Committee will suggest below

protections that would enhance assurance that the Debtor's minority interest does benefit from good faith and fair dealing in the buy/sell process.

3. Under the terms of the K&M Operating Agreement, the Debtor as a member is entitled to access to '[a]ll books and records of the Company," and the right to inspect and copy them at all reasonable times." Sec. 17.02 (ECF 88-3 at p. 15). The Committee is informed that the Debtor has been requesting this access and information going back as far as June, but has yet to receive it from K&M. The Committee has also approached K&M informally seeking sufficient financial information to give the Committee an adequate understanding of the value of the business and the Debtor's minority interest. K&M indicates that it will be responsive, at least to some extent, to the Committee on this topic, but the Committee does not yet have the requested information. Here too the Committee will suggest below protection that could alleviate this concern.

4. <u>Conditioning Any Relief from Stay re the Buy/Sell Agreement</u>

Given the Committee's concerns noted above, the Committee urges that any relief from stay granted to K&M to proceed under the Buy/Sell Agreement be conditioned as follows:

   a. The Debtor and the Committee should receive the information that the Operating Agreement entitles a member to access and copy under Sec. 17.02. A period of 60 days should be provided for the information to be provided, and any disputes to be resolved over whether it has adequately been provided. (The Committee has committed to K&M that it would hold such information as confidential, subject to usual procedures such as filing under seal if necessary, etc.)

   b. An appraisal by K&M's chosen appraiser should be filed with the Court, and served on the Debtor and the Committee.

   c. The Debtor and/or the Committee should have the right to submit the Court an independent appraisal from a qualified professional business valuation appraiser, reviewing the appraisal provided by K&M and providing the independent appraiser's own opinion of the value of the Debtor's interest in K&M. Such

independent appraisal should be filed and served within 21 days of the filing of K&M's appraisal.

      d. After the steps in (a), (b), and (c) have been completed, the matter of the value of the Debtor's minority interest in K&M should be brought before the Court for hearing, and a determination by the Court be made as to the fair market value of the interest.

5. The Court has the power to condition relief from the automatic stay. Bankruptcy Code § 362(d) ("such as by terminating, annulling, modifying, or conditioning such stay"). In exercising this power, the Court has the authority to issue all appropriate orders in aid of this provision of the Code. Bankruptcy Code § 105(a).

WHEREFORE, the Committee respectfully requests entry of an order:

1. Conditioning any relief granted to K&M on the Stay Relief Motion in the manner provided in paragraph 4 above; and

2. Granting such other and further relief as the Court deems just and proper.

Dated: August 10, 2015

                                              FOX ROTHSCHILD LLP

                                              By:   */s/ Dale L. Bratton*
                                                        Dale L. Bratton

                                              Attorneys for Official Committee
                                              of Unsecured Creditors