Michael A. Sweet (Bar No. 184345)
msweet@foxrothschild.com
Dale L. Bratton (Bar No. 124328)
dbratton@foxrothschild.com
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone:     (415) 364-5540
Facsimile:     (415) 391-4436

Counsel for the Official Committee
of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>SANTA CRUZ BERRY FARMING COMPANY, LLC,<br><br>        Debtor-in-Possession.<br><br>_____<br><br>__Also affects:<br>__Only Affects:<br><br>    CORRALITOS FARMS, LLC,<br><br>        Debtor-in-Possession. | Case No. 15-51771-MEH<br>Chapter 11<br><br>    Jointly administered with<br>    No. 15-51772<br><br>**APPLICATION FOR AUTHORIZATION FOR EMPLOYMENT OF CORPORATE RECOVERY ASSOCIATES, LLC, AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**<br><br>Hon. M. Elaine Hammond<br><br>[No Hearing Required] |

**TO THE UNITED STATES BANKRUPTCY COURT, THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES WHO HAVE REQUESTED SPECIAL NOTICE:**

PLEASE TAKE NOTICE THAT the Official Committee of Unsecured Creditors Santa Cruz Berry Farming Company, LLC (the "Committee") hereby moves the Court ("Application") for entry of an order authorizing the retention and employment of Corporate Recovery Associates, LLC ("CRA"), as financial advisor to the Committee pursuant to Sections 327(a) and 1103(a) of Title 11

30936050

of the United States Code (the "Bankruptcy Code"), and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Federal Bankruptcy Rules").

The Application is supported by the Declaration of Richard J. Feferman filed concurrently (the "Feferman Declaration").

In further support of this request, the Committee states as follows:

## I. <u>BACKGROUND</u>

On May 25, 2015, Santa Cruz Berry Farming Company, LLC ("Santa Cruz Berry"), filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The case is currently pending as Case No. 15-51771 and Santa Cruz Berry continues to operate its business as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. On that same date, the companion case of Corralitos Farms, LLC ("Corralitos"), was also filed, and is pending as Case No. 15-51772. Corralitos is also debtor in possession its case. These companion cases are being jointly administered.

This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The subject matter of the Application is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

The statutory predicate for the relief requested is Sections 327(a) and 1103(a) of the Bankruptcy Code and Rule 2014(a) of the Federal Bankruptcy Rules.

On June 9, 2015, the United States Trustee appointed the Committee to serve in the Santa Cruz Berry case. The Appointment of Official Committee of Unsecured Creditors was filed with this Court by the US Trustee on that date. The U.S. Trustee amended the appointment on June 19, 2015, to add a member. The Amended Appointment of Official Committee of Unsecured Creditors was filed on that date.

The members of the Committee (and the individual representatives for those members) are (1) Cedar Point Nursery (Chuck Paulsen); (2) FMG Farm Contracting Inc. (Francisco Mora Gonzalez); (3) Sambrailo Packaging (Rachel M. Montoya – Committee Chair); (4) Sturdy Oil Company (Thomas Fanoe).; and Quiedan Company (Juan C. Batista).

The Committee held a telephonic meeting on July 28, 2015, at which all of the members of the Committee were present. The Committee voted to retain CRA to serve as its Financial Advisor. Because there important pending motions, the Committee asked CRA to begin its work immediately on that date. Section 1103(a) of the Bankruptcy Code authorizes the Committee to employ professionals to advise and assist in carrying out its duties in a bankruptcy case. The Committee believes that it is in the best interest of the unsecured creditors for the Committee to retain CRA to advise and assist it in connection with all proceedings of concern to the unsecured creditors and the Committee.

## II.     **RELIEF REQUESTED**

The Committee selected CRA as its advisors because of the firm's expertise in the areas of insolvency, business reorganization, business liquidation, assessing the viability of distressed businesses, and debtor/creditor matters.[1] Mr. Feferman and other employees of CRA possess substantial experience in matters of this nature and are well qualified to represent the Committee in this case. Mr. Feferman has over 34 years' experience as a financial analyst and advisor, with an emphasis on debtors in bankruptcy since the mid-1990's (approximately 20 years). Moreover, Mr. Feferman and other CRA employees have extensive experience in the representation of creditors' committees in bankruptcy cases. During the past five years CRA and its principal Mr. Feferman have served in various capacities, including financial advisor to the Chapter 7 trustee in one case and business and financial advisor in numerous business Chapter 11 cases. Mr. Feferman's experience, and that of senior staff associates at CRA, is further described on the short resume attached as Exhibit A to the Feferman declaration. Mr. Feferman, is in good standing as a current member of the Association of Insolvency and Restructuring Advisors and is a Certified Insolvency and Restructuring Advisor.

The professional services CRA will render for the Committee include, but are not limited to, investigation of the Debtor's assets, finances, liabilities, sources of recovery (including but not

---

[1]     The terms in this Application represent the terms agreed upon between CRA and the Committee.

Case: 15-51771    Doc# 119    Filed: 08/21/15    Entered: 08/21/15 18:22:02    Page 3 of 6

limited to prospective avoidance actions) and cash position, assistance with the wind down of the Debtor and the potential liquidation of its assets, and additional financial analysis to be provided at the Committee's specific request including, without limitation, analysis at the plan confirmation stage of the case.

CRA proposes to bill at normal hourly rates for its professional staff involved in representing the Committee on its final application for payment of fees and costs, subject to a cap on its final application for fees of a blended rate of $275.00 per hour. Below are the usual and customary rates of the individuals CRA expects to be involved in this matter:

| Professional | Standard Hourly Rate |
|---|---|
| Richard J. Feferman | $650.00 |
| Directors | $425.00 – $800.00 |
| Associates | $175.00 - $500.00 |

CRA will also request reimbursement for actual, necessary expenses incurred in representing the Committee. Expense reimbursements requested will be consistent with this Court's Guidelines For Compensation And Expense Reimbursement Of Professionals And Trustees ("Compensation Guidelines").

Subject to this Court's approval of the Application, the Committee has agreed to the employment of CRA as business and financial advisor at the hourly rates set forth above with such compensation to be paid in accordance with 11 U.S.C. §§ 328, 330 and 331 and Bankruptcy Rule 2016 and other orders of this Court.

There is no agreement of any nature, other than with respect to the employees and principals at CRA, as to the sharing of compensation to be paid to CRA.

CRA was not paid any retainer with respect to this engagement, and there is no retainer agreement between the Committee and CRA. It is intended that this Application and the Court's order approving CRA's retention will govern CRA's employment in this case, with the Court retaining jurisdiction to resolve any issue that might arise. In conformity with Bankruptcy Code Sections 330 and 331, CRA intends to file interim applications for allowance of fees and reimbursement of costs advanced as and when appropriate under the Bankruptcy Rules, the

30936050

Bankruptcy Local Rules, and this Court's orders.  At the conclusion of this case, CRA will file an appropriate application seeking final allowance of all fees and costs, regardless of whether interim compensation has been paid.

### III.      CONNECTIONS WITH THE DEBTOR AND OTHER PARTIES

CRA has conducted a thorough search of its conflicts check records based on the information received to date, and CRA has made diligent efforts to search the firm's records and assemble pertinent information regarding CRA's connections with the Debtors, the Debtors' creditors, parties-in-interest, and the Debtors' professionals.

The Committee is informed that to the best of CRA's knowledge, after diligent inquiry, it is a "disinterested person" within the meaning of Bankruptcy Code section 101(14) and the firm does not hold any interest adverse to the estate.  To the best of the firm's knowledge, except as disclosed in ¶ 20 of the Feferman Declaration: (a) it has not represented the debtors; (b) neither CRA nor any of its directors or associates represents any interest adverse to the debtors, the debtors' estates, or the Committee in the matters on which it is to be retained; (c) neither CRA nor any of its directors or associates is a creditor, equity security holder, or an "insider" of the debtors as that term is defined in Bankruptcy Code section 101(31); and (d) neither CRA nor any of its directors or associates is or was, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.  CRA will supplement its disclosures if further material connections are discovered regarding persons or entities that later become identified as parties in interest in this case.

CRA appears in unrelated cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of whom now, or may in the future, represent creditors or parties in interest in this matter. The Office of United States Trustee appears in each bankruptcy matter in which CRA appears.  Aside from this, there is no known connection with the Office of United States Trustee or any of its attorneys or the bankruptcy judge in this case.

Except as otherwise disclosed to this Court, CRA has not, and will not, represent any

30936050

Case: 15-51771    Doc# 119    Filed: 08/21/15    Entered: 08/21/15 18:22:02    Page 5 of 6

creditors of the debtors or other parties-in-interest in connection with the debtors or these cases, or have any relationship with any such entity that would be adverse to the debtors or the debtors' estates.

## IV.   NOTICE

Notice of this Application has been given to the United States Trustee, the Debtors' Counsel, and those creditors requesting special notice.  The Committee submits that no further notice need be given.

## V.   CONCLUSION

WHEREFORE, the Committee respectfully requests entry of an order, in form of the Order submitted herewith:

1.   Authorizing the Committee to employ and retain CRA as its financial advisor in the Debtor's case pursuant to Bankruptcy Code Sections 327(a) and 1103(a) effective *nunc pro tunc* for July 28, 2015;

2.   Authorizing CRA to receive compensation from the Debtor's estate pursuant to the Bankruptcy Code and any additional procedures established by this Court, subject to approval by the Court pursuant to Bankruptcy Code Sections 330 and 331; and

3.   Granting such other and further relief as the Court deems just and proper.


Dated:  August 21, 2015

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF SANTA CRUZ BERRY FARMING
COMPANY, LLC


By: ___*/s/ Rachel M. Montoya*_____
Rachel M. Montoya
On Behalf of Sambrailo Packaging,
Committee Chair