Michael A. Sweet (Bar No. 184345)
msweet@foxrothschild.com
Dale L. Bratton (Bar No. 124328)
dbratton@foxrothschild.com
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone:     (415) 364-5540
Facsimile:     (415) 391-4436

Counsel to the Official Committee
of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re:<br><br>SANTA CRUZ BERRY FARMING COMPANY, LLC,<br><br>            Debtor-in-Possession.<br><br>___Also affects:<br>___Only Affects:<br><br>CORRALITOS FARMS, LLC,<br><br>            Debtor-in-Possession. | Case No. 15-51771-MEH<br>Chapter 11<br><br>    Jointly Administered with<br>    No. 15-51772<br><br>**DECLARATION OF RICHARD J. FEFERMAN IN SUPPORT OF APPLICATION FOR AUTHORIZATION FOR EMPLOYMENT OF CORPORATE RECOVERY ASSOCIATES, LLC, AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**<br><br>Judge:  Hon. M. Elaine Hammond<br><br>[No Hearing Required] |
|---|---|

    I, Richard J. Feferman, declare:

    1.    I am a Senior Managing Director with Corporate Recovery Associates, LLC ("CRA"), and am authorized to make this declaration on behalf of CRA.  CRA is the proposed financial advisor for the Official Committee of Unsecured Creditors of Santa Cruz Berry Farming

Company, LLC ("Committee"). I submit this declaration in support of the Application For Order Authorizing Employment Of Corporate Recovery Associates, LLC, As Financial Advisor To Official Committee Of Unsecured Creditors ("Application") submitted by the Committee, for entry of an order authorizing the retention and employment of CRA as the Committee's financial advisor pursuant to Sections 327(a) and 1103(a) of Title 11 of the United States Code ("Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). In my capacity as Senior Managing Director of CRA, and except as otherwise indicated, I have personal knowledge of the facts set forth below, and if called as a witness I could and would competently testify to the matters set forth in this declaration.

2. On May 25, 2015, Santa Cruz Berry Farming Company, LLC ("Santa Cruz Berry"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The case is currently pending as Case No. 15-51771 and Santa Cruz Berry continues to operate its business as debtor in possession. Also pending is the companion case, jointly administered, of Corralitos Farms, LLC ("Corralitos"), Case No. 15-51772.

3. On June 9, 2015, the United States Trustee appointed the Committee to serve in the Santa Cruz Berry case. The Notice of Appointment of Official Committee of Unsecured Creditors was filed on that date. The U.S. Trustee amended the appointment on June 19, 2015, to add a member. The Amended Notice of Appointment of Official Committee of Unsecured Creditors was filed on that date.

4. I am informed and believe that the Committee held a telephonic meeting on July 28, 2015, at which all of the members of the Committee were present. The Committee voted to retain CRA to serve as its financial advisor, and because there were important pending motions, requested that CRA commence work immediately.

5. It is my understanding that the Committee selected CRA as its advisor because of the firm's expertise in the areas of insolvency, business reorganization, business liquidation, assessing the viability of distressed businesses, and debtor/creditor matters.[1] I and other employees of CRA

---
[1] The terms in this Application represent the terms of engagement agreed upon between CRA and the Committee.

possess substantial experience in matters of this nature and are well qualified to represent the Committee in this case. I have over 34 years' experience as a financial analyst and advisor, with an emphasis on debtors in bankruptcy since the mid-1990's (approximately 20 years). Moreover, I and other CRA employees have extensive experience in the representation of creditors' committees in bankruptcy cases. During the past five years I have served in various capacities, including financial advisor to the Chapter 7 trustee in one case and business and financial advisor in numerous business Chapter 11 cases. My experience, and that of my senior staff associates at CRA, is further described on the short resume attached as Exhibit A.

6. I am in good standing as a current member of the Association of Insolvency and Restructuring Advisors. I am also a Certified Insolvency and Restructuring Advisor.

7. The professional services CRA will render for the Committee include, but are not limited to, investigation of the Debtor's assets, finances, liabilities, sources of recovery (including but not limited to prospective avoidance actions) and cash position, assistance with the wind down of the Debtor and the potential liquidation of its assets, and additional financial analysis to be provided at the Committee's specific request including, without limitation, analysis at the plan confirmation stage of the case.

8. CRA proposes to bill at normal hourly rates for its professional staff involved in representing the Committee on its final application for payment of fees and costs, subject to a cap on its final application for fees of a blended rate of $275.00 per hour. Additionally it is CRA's policy that travel time while onboard airliners is not billed. Below are the usual and customary rates of the individuals CRA expects to be involved in this matter:

| Professional | Standard Hourly Rate |
|---|---|
| Richard J. Feferman | $650.00 |
| Directors | $425.00 – $800.00 |
| Associates | $175.00 - $500.00 |

CRA will request reimbursement for actual, necessary expenses incurred in representing the Committee. Expense reimbursements requested will be consistent with this Court's Guidelines For

Compensation And Expense Reimbursement Of Professionals And Trustees ("Compensation Guidelines").

9. The hourly rates set forth above are CRA's normal hourly rates for work of this type These rates are set at a level designed to fairly compensate CRA for the work of its professionals and paraprofessionals and to cover fixed and routine overhead expenses. In addition, it is CRA's policy to charge its clients in all areas of practice for certain other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, charges for messenger services, overnight delivery services, photocopying, court fees, travel expenses, postage, materials for large mailings, investigative searches, and other charges customarily invoiced by financial advisory firms in addition to fees for professional services. CRA will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to CRA's other clients and in accordance with the Compensation Guidelines.

10. Subject to this Court's approval of the Application, the Committee has agreed to the employment of CRA as business and financial advisor at the hourly rates set forth above with such compensation to be paid in accordance with 11 U.S.C. §§ 328, 330, and 331 and Bankruptcy Rule 2016 and orders of this Court.

11. There is no agreement of any nature, other than with respect to the employees and principals at CRA, as to the sharing of compensation to be paid to CRA.

12. CRA did not receive a retainer with respect to its representation of the Committee, and there is no retainer agreement between the Committee and CRA. It is intended that this Application and the Court's order approving CRA's retention will govern CRA's employment in this case, with the Court retaining jurisdiction to resolve any issue that might arise.

13. In conformity with Bankruptcy Code Sections 330 and 331, CRA intends to file interim applications for allowance of fees and reimbursement of costs advanced as and when appropriate under the Bankruptcy Rules, the Bankruptcy Local Rules, and this Court's orders.

14. At the conclusion of this case, CRA will file an appropriate application seeking final allowance of all fees and costs, regardless of whether interim compensation has been paid. Upon

allowance of such fees and costs, the Debtor will cause to be paid to CRA the difference between the amounts allowed and any interim compensation paid.

15. CRA has not shared or agreed to share any compensation related to the services to be rendered as financial advisor to the Committee with any other person, except as among CRA firm members and/or employees.

16. In connection with the proposed retention of CRA by the Committee, CRA performed an internal conflicts search to ensure that CRA does not have a conflict of interest that would prohibit it from representing the Committee in this matter. Specifically, CRA has researched its records to determine whether it has any relationships with the Debtors, and the creditors on the schedules of liabilities in this case and the Corralitos case.

17. To the best of my knowledge, information and belief, and other than the connections described in paragraph 20 below, CRA has no interest materially adverse to (a) the interest of the Debtor's estate or the Corralitos estate, (b) the Committee, or (c) of any class of the Debtor's or Corralitos's creditors, either by reason of any direct or indirect relationship to, or connection with, the Debtor or Corralitos or for any other reason.

18. To the best of my knowledge none of the professionals comprising or employed by CRA are related to any judge of the United States Bankruptcy Court for the Northern District of California, the United States Trustee for the Northern District of California, or any person employed in the Office of the United States Trustee for the Northern District of California. To the best of my knowledge, no grounds exist that would make employment of CRA or any of its professionals improper under Rule 5002(a) of the Bankruptcy Rules.

19. I believe that CRA is a disinterested person within the meaning of Bankruptcy Code Section 101(14).

20. To the best of my knowledge, the following may be deemed "connections" that are appropriate to be disclosed under Rule 2014(a):

    (a) Verizon and AT&T are creditors in other bankruptcy cases in which my firm is engaged by the creditors' committee.

(b) Federal and state taxing authorities are creditors in other bankruptcy cases in which my firm is engaged by the creditors' committee.

(c) Professionals of CRA have provided expert testimony in an unrelated bankruptcy case in an avoidance action against creditor Bank of America.

(d) Praxair Distribution, Inc., a creditor in this case, was a committee member in an unrelated case in which CRA was previously employed as financial advisor to that committee.

(e) My family and I have investments in shares of Berkshire Hathaway, parent company of Berkshire Hathaway Homestate Co., a creditor in this case.

23. As and if CRA comes aware of new parties-in-interest becoming involved in this case, CRA will file supplemental declarations as needed to update the disclosures made herein.

24. Except to the extent the Court allows payment of compensation to CRA out of the assets of the estate, CRA has no compensation arrangements with the Debtor or any entity related to the Debtor, the Committee, or any other individual or entity associated with this bankruptcy case.

25. The foregoing constitutes the statement of CRA pursuant to Sections 1103 and 504 of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 21st day of August, 2015, in Midland, Texas.

*/s/ Richard J. Feferman*
Richard J. Feferman