Thomas J. Polis, Esq. - SBN 119326
**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041
E-Mail: tom@polis-law.com

Special Litigation Counsel for Debtors,
Santa Cruz Berry Farming Company, LLC and Corralitos Farms, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>Santa Cruz Berry Farming Company, LLC,<br><br>    Debtor.<br><br>Affects:<br><br>☐   All Debtors<br>☒   Santa Cruz Berry Farming Company, LLC | Case No. 5:15-bk-51771<br><br>Jointly Administered with: 5:15-bk-51772, In re Corralitos Farms, LLC<br><br>Chapter 11<br><br>**DEBTOR/DEBTOR-IN-POSSESSION SANTA CRUZ BERRY FARMING COMPANY, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES RE OPPOSITION AND REQUEST FOR HEARING RE EMPLOYMENT OF CORPORATE RECOVERY ASSOCIATES, LLC (ECF NO. 119) AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**<br><br>**Filed and Served Concurrently Herewith:**<br><br>1. Opposition to Application of Employment of Corporate Recovery;<br>2. Notice of Hearing; and<br>3. Certificate of Service.<br><br>**Hearing:**<br>Date:   September 17, 2015<br>Time:   10:30 a.m.<br>Judge/  Hon. M. Elaine Hammond<br>Place:  U.S. Courthouse<br>        280 South First Street<br>        Courtroom 3020<br>        San Jose, CA 95113 |

///

# I.

# INTRODUCTORY STATEMENT RE DEBTORS' OPPOSITION TO COMMITTEE'S PROPOSED RETENTION OF FINANCIAL ADVISOR, CRA AND RICHARD FEFERMAN (ECF NO. 119)

Debtor, Santa Cruz Berry Farming Company, LLC ("Santa Cruz Berry" or "Debtor") believes the proposed *Application of Corporate Recovery Associates, LLC* ("CRA") and/or Richard Feferman, C.P.A. ("Feferman") be either denied in its entirety or severally restricted since presently it does not appear the Committee needs a financial advisor. CRA's *Employment Application* (ECF No. 119), pg. 3, lines 25-26 and pg. 4, lines 1-4 provide the following general description of services.

> "The professional services CRA will render for the Committee include, but are not limited to, investigation of the Debtor's assets, finances, liabilities, sources of recovery (including, but not limited to prospective avoidance actions) and cash position assistance with the wind down of the Debtor and potential liquidation of its assets, and financial analysis to be provided at the Committee's specifics including, without limitation analysis at the plan confirmation stage of the case."

Essentially all categories of CRA's tasks presently have no relevance to the Debtor's case (no preference analysis is needed, and it hasn't been decided whether the Debtor will reorganize), thus the description of services to be rendered by CRA at $650 per hour appears vague at best.

Further, CRA's *Employment Application* noted that Mr. Feferman's hourly rate is $650.00 (making him the highest hourly rate professional in this case), yet confusingly says the blended cap hourly rate will be $245.00.

Overall, the Debtor's in the midst of its heavy harvest season, and complying with all aspects of its *Cash Collateral Stipulation*. Moreover, the combined effect of daily financial monitoring by the Debtor's secured creditors, along with the exceptional monitoring efforts by the U.S. Trustee's Office have been more than sufficient to monitor the Debtor's financial performance. Adding another administrative claimant to the Debtor's bankruptcy case with unspecified job duties at $650.00 per hour does not appear to be prudent. Presently the only interaction between the Debtor and CRA has been complaining emails about the Debtor's one-

1  day delinquency in filing its U.S. Trustee Monthly Operating Report and sending repetitive
2  emails asking about the legal effects of the Debtor's pending *Unexpired Lease Extension*
3  *Motions*, dictates that neither the Committee nor the Debtor's bankruptcy estate needs CRA to
4  act as its financial advisor.  The Debtor's bankruptcy case is a relatively simple Chapter 11 case
5  yet retaining another professional looking to be compensated by the Debtor's bankruptcy estate
6  for "busy work" while the Debtor attempts to complete the harvest of its 2015 conventional and
7  organic strawberry crop.  Whether the Debtor will reorganize with a Chapter 11 Plan, sell its
8  assets under Section 363 of the Bankruptcy Code, are questions presently left undecided.
9  Whether the Debtor will investigate and prosecute its avoidance actions is also presently
10 undecided, thus needlessly incurring another layer of administrative expenses for a professional
11 with unspecified duties presently makes no sense.

**II.**

**POINTS AND AUTHORITIES RE OPPOSITION TO COMMITTEE'S PROPOSED**
**EMPLOYMENT OF CRA/RICHARD FEFERMAN, C.P.A**

**THE COMMITTEE'S PROPOSED FINANCIAL ADVISOR HAS NOT SHOWN SPECIFICALLY HOW ITS DUTIES WILL BENEFIT THE DEBTOR'S BANKRUPTCY ESTATE**

17  The Committee's *Employment Application* (ECF No. 119) at pgs. 3 and 4 other than
18 generally reciting the Committee's duties under Section 1103(c) of the Bankruptcy Code fails
19 to specifically articulate exactly what the Committee's proposed Financial Advisor,
20 CRA/Feferman will do for the Committee that will then presumably benefit the Debtor's
21 bankruptcy estate.  However, when the Debtor's counsel posed this specific question to
22 Committee's counsel, other than paraphrasing the provisions of Section 1103(c) of the
23 Bankruptcy Code, nothing more was offered.  Moreover, the fact that the proposed Financial
24 Advisor could not specify his tasks that would benefit the Debtor's bankruptcy estate, combined
25 with the close daily monitoring by the Debtor's secured creditors along with the U.S. Trustee
26 Office's involvement in the Debtor's bankruptcy case, retaining yet another administrative
27 professional at $650.00 per hour, seems wasteful and duplicative.
28 ///

The Debtor's bankruptcy case may in the future be in position where an accountant may have to advise the Committee regarding avoidance claims, plan formation and other specific financial analysis. The Debtor, however, has not yet reached those data points.

### III.

### **CONCLUSION**

For the reasons articulated herein, the Debtor respectfully requests that the Court either deny or severally limit the Committee's proposed employment of Corporate Recovery Associates, LLC and Richard Feferman.

DATED: September 1, 2015

POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

By: /s/ Thomas J. Polis
Thomas J. Polis, Esq.
Special Litigation Counsel for Debtors, Santa Cruz Berry Farming Company, LLC and Corralitos Farms, LLC