Michael A. Sweet (Bar No. 184345)
msweet@foxrothschild.com
Dale L. Bratton (Bar No. 124328)
dbratton@foxrothschild.com
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone:    (415) 364-5540
Facsimile:    (415) 391-4436

Counsel for the Official Committee
of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>SANTA CRUZ BERRY FARMING COMPANY, LLC,<br><br>Debtor-in-Possession. | Case No. 15-51771-MEH<br>Chapter 11<br><br>Jointly administered with<br>No. 15-51772<br><br>**OFFICIAL COMMITTEE OF UNSECURED CREDITORS REPLY TO DEBTORS' OPPOSITION TO EMPLOYMENT AND RETENTION OF CORPORATE RECOVERY ASSOCIATES, LLC AS FINANCIAL ADVISOR** |
| Affects:<br><br>__  All Debtors<br> X   SANTA CRUZ BERRY FARMING COMPANY, LLC | Date:         September 17, 2015<br>Time:         10:30 a.m.<br>Judge:        Hon. M. Elaine Hammond<br>Place:        U.S. Courthouse<br>              280 South First Street,<br>              Courtroom 3020<br>              San Jose, California 95113<br><br><br>Hon. M. Elaine Hammond |

The Official Committee of Unsecured Creditors of Santa Cruz Berry Farming Company, LLC (the "Committee") hereby submits its reply (the "Reply") to the above-captioned debtor's and

debtor-in –possession's opposition (the "Objection") to the Committee's application (the "Application") to employ and retain Corporate Recovery Associates, LLC ("CRA") as its financial advisor.

## I.     BACKGROUND

On May 25, 2015, Santa Cruz Berry Farming Company, LLC ("Santa Cruz Berry"), filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The case is currently pending as Case No. 15-51771 and Santa Cruz Berry continues to operate its business as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. On that same date, the companion case of Corralitos Farms, LLC ("Corralitos"), was also filed, and is pending as Case No. 15-51772. Corralitos is also debtor in possession its case. These companion cases are being jointly administered.

On June 9, 2015, the United States Trustee appointed the Committee to serve in the Santa Cruz Berry case. The Appointment of Official Committee of Unsecured Creditors was filed with this Court by the US Trustee on that date. The U.S. Trustee amended the appointment on June 19, 2015, to add a member. The Amended Appointment of Official Committee of Unsecured Creditors was filed on that date.

The members of the Committee (and the individual representatives for those members) are (1) Cedar Point Nursery (Chuck Paulsen); (2) FMG Farm Contracting Inc. (Francisco Mora Gonzalez); (3) Sambrailo Packaging (Rachel M. Montoya – Committee Chair); (4) Sturdy Oil Company (Thomas Fanoe); and Quiedan Company (Juan C. Batista).

Initially the Committee opted not to employ a financial advisor. However after the Committee had been in the case for about a month thee remained too many residual questions. The Debtor's management was continuing to claim that a reorganization was feasible and that a plan would be proposed that would take the Debtor into the 2016 season. Meanwhile one of the secured creditors persistently claimed that the Debtor would not even be able to cover the secured debt in the case and that a conversion to Chapter 7 was called-for. The Committee did not know whom to believe. Uncertainty was compounded by the fact that the information that was forthcoming from

the Debtor was incomplete (and possibly inaccurate).  The Committee concluded that the retention of a Financial Advisor would be prudent because without one the Committee was not confident that it would have sufficient information necessary to allow it to properly discharge its responsibility of representing the unsecured creditor body.

The Committee held a telephonic meeting on July 28, 2015, at which all of the members of the Committee were present.  The Committee voted to retain CRA to serve as its Financial Advisor.  Because there were pending motions and other pressing items of concern, the Committee asked CRA to begin its work immediately on that date.

## II. THE COMMITTEE'S REPLY

Section 1103(a) of the Bankruptcy Code authorizes the Committee to employ professionals to advise and assist in carrying out its duties in a bankruptcy case.  The Committee believes that it is in the best interest of the unsecured creditors for the Committee to retain CRA to advise and assist it in connection with all proceedings of concern to the unsecured creditors and the Committee.

### A. The Debtors' Conduct Warrants CRA's Employment

The relative success of this chapter 11 case hinges virtually exclusively on the Debtor's ability to generate an extraordinary amount of cash (between 3 and 5 million dollars) in the final 8-12 weeks of this year's strawberry harvest.  The initially deficient nature of the Debtor's financial reporting at the cases' outset created serious concerns for the Committee.   And while the Debtor appears to have improved its financial reporting standards, further improvements are still needed especially as the information provided to the Committee has never appeared to be wholly transparent.  Furthermore it is evident that the Debtor is relying on counsel to serve not only as legal counsel in these cases, but also in a CRO/financial advisory capacity.  It is for these and other factors that the Committee concluded that it would be in the best interests of its constituency to employ a financial professional with restructuring <u>and</u> agricultural experience to provide unblemished independent analysis.  To that end, the Committee voted to employ Mr. Richard Feferman and his firm, CRA, who in addition to providing the requisite restructuring and agricultural experience, will provide *significant* value with a cap on CRA's blended rate of $275 per hour.

In mid-August after the Committee voted to employ CRA, Mr. Feferman held meetings with Debtors' counsel and Fritz Koontz, the Debtors' principal, at the Santa Cruz Berry offices. Mr. Feferman also toured the Debtor's growing operations at that time. During this visit at the Debtors' headquarters, no one representing the Debtor gave any indication the Debtor opposed CRA's employment by the Committee. It was only several weeks later, after CRA persisted in requests for more detailed financial information and timely financial reporting, and began questioning the Debtors' abilities to reach certain financial milestones through the remainder of the 2015 growing season that Santa Cruz Berry initiated its opposition to CRA's employment.

The bottom line is that the Debtor offers no legal basis for denying the employment of a financial advisor for the Committee to overcome any provision in the Bankruptcy Code that would prohibit the Committee's retention of CRA – there is no conflict and the Objection does not specify any opposition to CRA's rate structure or compensation, only that the estates do not need additional administrative expenses. Indeed, the Committee is the creditor body that stands to be most affected by any payment of fees to CRA, yet after first declining to retain a financial advisor with the hope of saving money thereby increasing the distribution to unsecured creditors, the Committee changed direction and concluded in its business judgment that it needed the assistance of a financial advisor and that CRA's employment was in the best interest of the estate and its creditors.

**B.** **The Bankruptcy Code Entitles the Committee to Employ Professionals**

Fundamentally, the Committee has the right to choose its professionals and compensate them reasonably. Bankruptcy Code section 328(a) provides, in relevant part, that a committee "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis . . . ." *Id.* § 328(a). In deciding whether to approve the retention of a financial advisor under section 328(a), "the appropriate inquiry is whether taken as a whole, the terms of the retention are fair and reasonable, and the retention is in the [best] interest of the estate." *In re Joan & David Halpern Inc.*, 248 B.R. 43, 47 (Bankr. S.D.N.Y. 2000). In making such a determination, courts consider a non-exhaustive list of factors, including:

(a) whether the terms of engagement reflect normal business terms in the marketplace;

(b) whether the parties are sophisticated entities with equal bargaining power who engaged in an arm's length negotiation;

(c) whether the retention is in the best interests of the estate;

(d) whether there is creditor opposition to the retention and the compensation procedures; and

(e) whether, given the size, circumstances, and posture of the case, the amount of compensation is reasonable.

*In re High Voltage Eng'g Corp.*, 311 B.R. 320, 333 (Bankr. D. Mass. 2004); *see also In re Insilco Techs.*, Inc., 291 B.R. 628, 634 (Bankr. D. Del. 2003)). A committee's decision to retain a professional on reasonable terms is entitled to deference under the "business judgment" standard of review. *See In re One2One Commc'ns, LLC*, No. 12-27311 (NLW), 2014 WL 3882467, at *2 (Bankr. D.N.J. Aug. 7, 2014) (referring to "appropriate exercise of [committee's] business judgment"); *Official Comm. Of Unsecured Creditors of Grand Eagle Cos, Inc. v. Asea Brown Boveri, Inc. (In re Grand Eagle Cos, Inc).*, 310 B.R. 79, 85 (Bankr. N.D. Ohio 2004), *report accepted in part, rejected in part*, 313 B.R. 219 (N.D. Ohio 2004) (referring to "the touchstone for assessing the activity of both trustees and official creditors' committee, the business judgment rule"). These tests are met here, and the Objection should be overruled.

The Debtor's objection raises no legal barrier to CRA's employment. In fact none of the above-referenced factors are implicated. That there are other professionals representing other interests in the case should not preclude the Committee from having a financial professional. In fact, the Committee's position is distinct from that of other parties-in-interest in these cases as the secured lenders are only interested in having their debts paid in full and the Debtors appear to be wavering between their stated plans to liquidate and new statements suggesting possible attempts at reorganization. The Debtor's apparent change in plan and strategy towards reorganization provides greater need for CRA's employment as the Committee is entitled to an analysis of any plan of reorganizations' impact on unsecured creditors' claims.

/ / /

### III. CONCLUSION

Because there is no legal barrier to the employment by the Committee of a financial advisor, and since there has been an adequate showing that CRA is qualified to serve as the Committee's financial advisor in this case, the Committee respectfully requests that the Court overrule the Objection and enter an order approving the Committee's Application to employ and retain CRA.

Dated: September 10, 2015            FOX ROTHSCHILD LLP


                                     By:      */s/ Michael A. Sweet*
                                           Michael A. Sweet
                                           Counsel for Interested Party, Official Committee of
                                           Unsecured Creditors in Santa Cruz Berry Farming
                                           Company, LLC