Thomas A. Vogele, Esq. (SBN 254557)
Brendan M. Loper, Esq. (SBN 282198)
THOMAS VOGELE & ASSOCIATES, APC
3199 Airport Loop Road, Suite A-3
Costa Mesa, California 92626
Telephone: (714) 641-1232
Facsimile: (888) 391-4105
Email: tvogele@tvalaw.com

Attorneys for debtor-in-possession Santa Cruz
Berry Farming Company, LLC, a California
limited liability company

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>SANTA CRUZ BERRY FARMING COMPANY, LLC, a California limited liability company<br><br>    Debtor-In-Possession. | CASE NO.: 15-51771<br>Chapter 11<br><br>Jointly Administered Case No. 15-51772 (In re Corralitos Farms, LLC)<br><br>Assigned for all purposes to Hon. M. Elaine Hammond<br><br>**SANTA CRUZ BERRY FARMING COMPANY, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FURTHER MOTION REGARDING THE DEBTOR'S USE OF CASH COLLATERAL BEYOND THE USE PERIOD**<br><br>Hearing Date: September 24, 2015<br>Hearing Time: 10:30 A.M.<br>Location: United States Courthouse,<br>    Courtroom 3020<br>    280 South First Street<br>    San Jose, CA 95113-3099 |

- 1 -
**MEMORANDUM OR POINTS AND AUTHORITIES IN SUPPORT OF FURTHER MOTION REGARDING THE DETBOR'S USE OF CASH COLLATERAL**

## MEMORANDUM OF POINTS AND AUTHORITIES

The above-captioned debtors and debtors-in-possession (collectively the **"Debtors"**), by and through their attorneys of record, hereby file this Further Motion on shortened notice (the **"Motion"**) pursuant to Bankruptcy Code §§ 105, 361, 362, and 363, Bankruptcy Rules 2002, 4001, and 9014, for entry of an order (i) authorizing and approving Debtor, Santa Cruz, to continue to use cash collateral of existing secured lenders beyond the current cut-off date of September 30, 2015, by extending the Use Period to either November 30, 2015 or the other benchmarks provided herein; (ii) granting adequate protection for the use thereof, and (iii) scheduling a final hearing as necessary, tentatively scheduled for Thursday, October 15, 2015 or Thursday, October 22, 2015. Specifically, Debtors requested that the secured creditors agree to extend the Use Period by stipulation, which stipulation has been in place since August 13, 2015. For various reasons, the creditors refused and continue to refuse to extend the Use Period by way of stipulation. As a result, by way of this Motion and in an effort to avoid immediate and irreparable harm to the estate, Debtor, Santa Cruz has no choice but to seek court intervention to obtain an extension of the Use Period authorizing it to use cash collateral from September 30, 2015, until the earlier of November 30, 2015, or the date when all parties agree that continued farming of the strawberry crop is no longer viable because of rain, reduced yield or other factors making it economically unfeasible to operate. In support of this Motion, Debtor relies on the Declarations of Robert Fritz Koontz and Armando Ramirez filed concurrently herewith.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over these cases and this contested matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157. Venue of these Chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Motion are Bankruptcy Code §§ 105, 361, 362, 363 and Bankruptcy Rules 2002, 4001, and 9014.

# FACTUAL BACKGROUND

2. On May 25, 2015 (the "Petition Date"), Santa Cruz filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California, San Jose Division (the "Court"). Declaration of Robert Koontz ("**Koontz Decl.**") ¶ 4. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, Santa Cruz is operating its businesses and managing its property as debtors-in-possession. The Court is jointly administering the cases of Corralitos and Santa Cruz. No trustees or examiners have been appointed in these cases.

3. On May 29, 2015, the Court heard the emergency motion of Santa Cruz to use cash collateral. On the same day, Santa Cruz, Tom Lange Company International, Inc. ("Lange") and Cal Coastal Rural Development Corporation ("Cal Coastal") entered into the first of six stipulations (May 29, 2015; June 5, 2015; June 16, 2015; June 23, 2015; July 13, 2015; and August 10, 2015) authorizing Santa Cruz to use cash collateral alleged to be subject to the secured claims of Lange and Cal Coastal. Subsequent stipulations included Del Mar Foods ("Del Mar") as an acknowledged secured creditor entitled to adequate protection.

4. The parties' stipulation and the Court's August 10, 2015 order granted Santa Cruz authority to use cash collateral until September 30, 2015 (the "**Use Period**"). (Doc# 106) The August 10, 2015 order also provided that the parties could seek an extension of the Use Period by stipulation filed no later than September 15, 2015, or by an emergency motion by Santa Cruz, to be heard before the September 30, 2015 expiration of the Use Period.

5. Santa Cruz requested an extension of the Use Period by stipulation of Lange, Cal Coastal and Del Mar, but was unable to obtain the approval of all three creditors. Thus, this Further Motion is required to extend the Use Period. **Koontz Decl. ¶. 12.**

- 3 -
**MEMORANDUM OR POINTS AND AUTHORITIES IN SUPPORT OF FURTHER MOTION REGARDING THE DETBOR'S USE OF CASH COLLATERAL**

**BASIS FOR RELIEF**

**A.     Use of Cash Collateral and Adequate Protection**

6.     Under 11 U.S.C. § 363(c)(2), a debtor may use cash collateral if each entity that has an interest in such cash collateral consents or if the Court, after notice and a hearing, authorizes the use of the cash collateral.  Pursuant to 11 U.S.C. § 363(c)(3), the Court must condition a debtor's use of cash collateral as is necessary to provide adequate protection of the interest in the cash collateral claimed by a party.

7.     Bankruptcy Rule 4001(b) and (d) govern the procedure for consideration of motions to use cash collateral, and both of these subsections provide for expedited consideration of such motions for cases in which immediate interim relief may be crucial to the success of a reorganization.

8.     A debtor has the burden to establish that the holder of a lien to be subordinated, or whose cash collateral will be used, has adequate protection.  11 U.S.C. §363(p)(1).  Adequate protection must be determined on a case-by case basis, permitting a debtor maximum flexibility in structuring its adequate protection proposal.  *In re Martin*, 761 F. 2d 472, 474 (8th Cir. 1985); *In re George Ruggerie Chrysler-Plymouth, Inc.,* 727 F. 2d 1017, 1019 (11th Cir. 1984).  Nonetheless, "[a] debtor, attempting to reorganize a business under chapter 11, clearly has a compelling need to use 'cash collateral' in its effort to rebuild."  *George Ruggerie*, 727 F.2d at 1019.  In addition, Section 363(o)(2) places the burden on the secured creditor to establish the validity, priority and extent of the interest in property.  11 U.S.C. § 363(o)(2).  *Kondik v. Ebner (In re Standard Foundry Prods., Inc.)*, 206 B.R. 475, 478 (Bankr.N.D.Ill.1997

9.     In this case, the operation of the Debtor's farming activity is extremely labor and capital intensive, and any lapse in operations, no matter how transitory, could have a devastating economic impact on the going concern value of the Debtor's business.  For example, the Debtor incurs ongoing labor expenses related to harvesting, transporting and packaging the fruit. Debtor's employees, mostly hourly workers, will refuse to work absent the Debtor's ability to pay

them for their labor on a weekly basis. Similarly, without the ability to pay to cool the fruit prior to shipment across the country, Canada, and now Asian countries, the fruit will spoil and any value derived therefrom will plummet. **Koontz Decl. ¶ 10.** Declaration of Armando Ramirez ("**Ramirez Decl.**") ¶ 15, 16.

10. Absent the continued use of Cash Collateral, these expenses cannot be met and the sole income producing assets of the Debtor – the strawberry farms – will be unable to operate and could possibly be subject to immediate shutdown, leading to the total loss of the remaining value of the growing crops. **Koontz Decl. ¶ 10, 11. Ramirez Decl. ¶ 15, 16.**

11. Accordingly, the Debtor faces "immediate and irreparable harm to the estate" absent the emergency consideration of the relief requested in this motion. The immediate use is necessary, and it will stabilize the Debtor's operations and revenue by paying ordinary, postpetition operating expenses. Without continued authority to use Cash Collateral, the Debtor will not be able to function as a going concern, and will not be able to proceed to consideration of a plan of reorganization. Accordingly, authority to use Cash Collateral is necessary to avoid the shutdown of the Debtor's business, and will be in the best interests of the Debtor, its estate and its secured and unsecured creditors. **Koontz Decl. ¶ 10, 11. Ramirez Decl. ¶ 14, 15, 16.**

12. The Debtor believes that the cash collateral creditors are adequately protected for the use of the Cash Collateral in that the orderly liquidation value of their collateral exceeds the amounts outstanding to them. "A sufficient equity cushion is itself a recognized form of adequate protection." Baybank-Middlesex v. Ralar Distributors, Inc., 69 F.3d 1200, 1203 (1st Cir. 1995). Further, "[a] classic method for finding adequate protection is the existence of an equity cushion. In fact, it has been found that an equity cushion standing alone can provide evidence of adequate protection for a secured claim." In re Patrician St. Joseph Partners Ltd., 169 B.R. 669, 677 (D. Ariz. 1994) (citing In re Mellor, 734 F.2d 1396, 1400 (9th Cir. 1984)).

13. Additionally, through this Motion, the Debtor intends to provide further adequate protection, to the extent of any diminution in value, to the creditors for the use of the Cash

Collateral by offering to maintain the going concern value of their collateral by using the Cash Collateral to continue to operate the business and by providing postpetition replacement liens pursuant to 11 U.S.C. § 361(2) in accounts receivable, including cash generated or received by the Debtor subsequent to the Petition Date, but only to the extent that the creditors had valid, perfected prepetition liens and security interests in such collateral as of the Petition Date. The priority of any postpetition replacement liens granted to the Prepetition Lenders shall be the same as existed as of the Petition Date.

14. The continuation of the Debtor's operations presents the best opportunity for all creditors to receive the greatest recovery on account of their claims. Accordingly, the Debtor submits that use of the Cash Collateral will allow the Debtor to continue its operations and thereby protect the cash collateral creditors' interests. **Koontz Decl. ¶ 10, 11. Ramirez Decl. ¶ 15, 16.** Courts have consistently recognized that the preservation of the going concern value of secured lenders' collateral constitutes adequate protection of such creditors' interest in the collateral. *See, e.g.*, In re Pursuit Athletic Footwear, Inc., 193 B.R. 713, 716 (Bankr. D. Del. 1996) (holding that if there is no actual diminution of value of collateral and the debtor can operate profitably postpetition, then the secured creditor is adequately protected); In re 499 W. Warren St. Assocs., Ltd. P'ship, 142 B.R. 53, 56 (Bankr. N.D.N.Y. 1992) (finding a secured creditor's interest in collateral adequately protected when cash collateral was applied to normal operating and maintenance expenditures on the collateral property); In re Willowood E. Apartments of Indianapolis II, Ltd., 114 B.R. 138, 143 (Bankr. S.D. Ohio 1990) (same); In re Stein, 19 B.R. 458, 460 (Bankr. E.D. Pa. 1982) (creditors' secured position would be enhanced by the continued operation of the debtors' business); In re Aqua Assocs., 124 B.R. 192, 196 (Bankr. E.D. Pa. 1991) ("The important question, in determining whether the protection to a creditor's secured interest is adequate, is whether that interest, whatever it is, is being unjustifiably jeopardized.") (citation omitted).

15. Pursuant to the Court's August 10, 2015 order, the Debtor has operated pursuant to a Final Budget for the months of July, August and September. In July, Santa Cruz exceeded the sale forecast by almost $400,000. **Koontz Decl. ¶ 5.** In August, sales were projected to increase by 85% (from $1,011,400 to $1,871, 400), however, Santa Cruz' sales fell slightly short by roughly 9% due to a variety of factors, including market price disruptions caused by large growers "dumping" product in response to weather-related quality problems. Notwithstanding this slight shortfall in August, Santa Cruz' cumulative sales for the first two months exceeded the budget by more than $225,000. Net profit for July and August also exceeded budgeted amounts. **Koontz Decl. ¶¶ 5, 6.** As of September 14, 2015, the Debtors outstanding post-petition Accounts Receivable totaled $1,125, 390.77, of which $483,795.00 is fourteen days or less and the remaining $621,603.00 is twenty-eight days or less which includes the Debtor's Accounts Receivable Aging Report. **Koontz Decl. ¶ 6.**

16. Because the Debtor lacked the financial resources to plant its crop at the normal time of the year (September and October 2014), it planted in December 2014 and January 2015. As a result, the plants are bearing fruit much later than normal and projected yields for September and October are significantly higher than would be expected had they planted on the conventional schedule. **Ramirez Decl. ¶¶ 4, 5, 6.**

17. Santa Cruz projects that it will have approximately 200,000 boxes of conventional and a similar quantity of organic berries remaining on the plants at the end of September. **"Ramirez Decl." ¶7.**

18. The value of this remaining fruit, based on historic prices for strawberries in October and November, represents a potential cash in crop of $3-4 million that would be lost if Santa Cruz is not authorized to use cash collateral and continue farming for the benefit of its creditors. **Ramirez Decl. ¶ 7.**

19. Santa Cruz acknowledges that adverse weather may necessitate shutting down the harvesting of fruit before the November 30, 2015 extended Use Period date, however, the Debtor

believes it would be a breach of its fiduciary duty to the creditors to allow the waste of such valuable property of the estate. **Koontz Decl. ¶¶ 10, 11** and **Ramirez Decl. ¶¶ 14, 15, 16.**

**B.  Interim Approval Should Be Granted**

20. Rule 4001(b) of the Federal Rules of Bankruptcy Procedure provides that a final hearing (the "Final Hearing") on a motion to use cash collateral pursuant to §363 may not be commenced earlier than fourteen (14) days after the service of such motion. But, upon request the Court is empowered to conduct a preliminary expedited, or in this case, the Debtor has requested an **emergency** hearing on the motion for September 24, 2015 at 10:30 a.m. to authorize use of cash collateral for the Debtor to continue to harvest and sell the strawberries pursuant to the final budget (**"Final Budget"**) attached to the Koontz declaration as **Exhibit "B".** As set forth herein, granting of this motion to use cash collateral will ensure that the Debtor is not immediately and irreparably harmed, prejudiced and is not forced to discharge their 150-200 employees with the almost immediate and complete loss of the remaining $3-4 million value of growing crops, and close their business. **Koontz Decl. ¶10.**

21. Fed. Rule of Bank. Proc. 4001(b)(2) authorizes this Court to grant approval for the Debtor to use cash collateral as is necessary to prevent immediate and irreparable harm. In this case, the Debtor has an urgent and immediate need for cash to continue to operate. In the short-term, if the Debtor is unable to pay its employees to harvest, pack and ship the boxes of strawberries, its employees will find other jobs and the fruit will be left in the fields to rot and the business will cease to operate almost immediately. **Koontz Decl. ¶ 10.** Therefore, without the Court's authorization to use cash collateral on an emergency basis, the Debtor will be immediately and irreparably harmed pending a Final Hearing on the Motion.

## REQUEST FOR FINAL HEARING

22. The Debtors' also request that the Court schedule the final hearing as soon as the Court's schedule permits, following 15 days after service of this Motion. Based on the Court's

- 8 -
**MEMORANDUM OR POINTS AND AUTHORITIES IN SUPPORT OF FURTHER MOTION REGARDING THE DETBOR'S USE OF CASH COLLATERAL**

Case: 15-01701 Doc# 145 Filed: 09/15/15 Entered: 09/15/15 18:57:35 Page 8 of 13

calendaring procedure, a Final Hearing for either Thursday, October 15, 2015 or Thursday, October 22, 2015 seems appropriate.

## NOTICE AND PRIOR MOTIONS

**A.  Notice With Respect to Continued Use of Cash Collateral**

23. Notice of this Motion has been or will be provided to (a) the United States Trustee for the Northern District of California; (b) the Debtor's known or alleged secured creditors; (c) the Debtor's creditors committee and its counsel of record; (d) the United States Attorney's Office for the Northern District of California; (e) the Internal Revenue Service; (f) any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002; and (g) any other government agencies required to receive notice under applicable Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Northern District of California. The Debtors submit that no further notice of this Motion is required. The Debtors submit that under the circumstances, no further notice of the interim hearing is necessary and request that any further notice be dispensed with and waived.

**B.  Notice With Respect to Final Cash Collateral**

The Debtor respectfully requests that the Court set a final hearing date on the Motion and authorize the Debtors to serve a copy of this Motion and any interim order which fixes the time and date for filing objections to this Motion, by first class mail or facsimile or email upon (a) the Office of the United States Trustee for the Northern District of California, (b) all known or alleged secured creditors, (c) the Debtor's creditors committee and its counsel of record, (d) all known owners of an equity interest over 5% in Santa Cruz and Corralitos, (e) all Debtor professionals, (f) the United States Attorney's Office for the Northern District of California, (g) the Internal Revenue Service, (h) any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002, and (i) any such other government agencies to the extent required by the Bankruptcy Rules and Local Rules. The Debtors request that the Court deem such notice of the final hearing to be sufficient notice under Bankruptcy Rule 4001.

WHEREFORE, the Debtors request that this Court enter an Order authorizing the Debtors to use Cash Collateral as described herein, setting the Motion for a final hearing on either October 15, 2015 or October 22, 2015 at 10:30 a.m., and granting such other and further relief as the Court may deem just and proper.

Dated: September 15, 2015

Respectfully submitted,

THOMAS VOGELE & ASSOCIATES, APC

By: /s/ Thomas A. Vogele

    Thomas A. Vogele, Esq.
    Brendan M. Loper, Esq.
General Insolvency Counsel for Santa Cruz Berry
Farming Company, LLC, the Debtor-in-Possession

- 10 -
**MEMORANDUM OR POINTS AND AUTHORITIES IN SUPPORT OF FURTHER MOTION REGARDING THE DETBOR'S USE OF CASH COLLATERAL**

| In re: SANTA CRUZ FARMING COMPANY, LLC | CHAPTER: 11 |
| Debtor(s). | CASE NUMBER: 15-51771 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3199 Airport Loop Drive, Suite A3, Costa Mesa, California 92626**

A true and correct copy of the foregoing document described **SANTA CRUZ BERRY FARMING COMPANY, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FURTHER MOTION REGARDING THE DEBTOR'S USE OF CASH COLLATERAL BEYOND THE USE PERIOD** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _**9/15/2015**_ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- United States Trustee (SJ) USTPRegion17.SJ.ECF@usdoj.gov, ltroxas@hotmail.com
- Thomas A Vogele on behalf of Debtor tvogele@tvalaw.com
- Effie F. Anastassiou on behalf of Creditor California Coastal Rural Development Corp. and K&M Enterprises, LLC effieesq@salinasaglaw.com; paralegal@salinasaglaw.com
- Joseph M. Welch on behalf of creditor Tom Lange jwelch@buchalter.com; dcyrankowski@buchalter.com
- William Brody on behalf of creditor Tom Lange wbrody@buchalter.com
- Thomas J. Polis on behalf of Debtor Santa Cruz Berry Farming Company, LLC tom@polis-law.com, paralegal@polis-law.com
- Michael A. Sweet and Dale L. Bratton on behalf of Creditor Committee Official Committee of Unsecured Creditors msweet@foxrothschild.com, mflores@foxrothschild.com, brattonlaw@comcast.net
- Rebecca A. Caley on behalf of Requestor Mercedes-Benz Financial Services dba Daimler Truck Financial rcaley@caleylaw.com
- Ralph P. Guenther on behalf of Interested Party Del Mar Food Products Corp and Richard Gurnee courts@tkdougherty.com; angelal@montereylaw.com
- Jerry Namba on behalf of Creditor Beth Crandall nambaepiq@earthlink.net; jnambaepiq@earthlink.net
- Barbara Choi on behalf of Pajaro Valley Water Management Agency bchoi@abc-law.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On _**9/15/2015**_ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _**9/15/2015,**_ I served the following person(s) and/or

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9013-3.1.PROOF.SERVICE**

Case: 15-51771    Doc# 145    Filed: 09/15/15    Entered: 09/15/15 18:57:35    Page 11 of 13

| In re: SANTA CRUZ FARMING COMPANY, LLC<br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 15-51771 |
|---|---|

entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/15/15 | /s/ Angela Brown |
|---|---|

**VIA OVERNITE EXPRESS**
Judge M. Elaine Hammond
United States Bankruptcy Court
Northern District of California
United States Courthouse, Room 3035
280 South First Street
San Jose, CA 95113-3099

UNITED STATES TRUSTEE (SJ)
280 S 1st St #268
San Jose, CA 95113

**VIA EMAIL**
Armando Ramirez
287 Carsserly Road
Watsonville, CA 95076
E: aramirez@santacruzberry.com

Beth Crandall
c/o Jerry Namba, Esq.
Law Offices of Jerry Namba
504 E Chapel St.
Santa Maria, CA 93454
T: 805-347-9848
E: nambaepiq@earthlink.net

CCOF Certification Services, LLC
2155 Delaware Avenue, Suite 150
Santa Cruz, CA 95060
E: bcoltrin@ccof.org

Cedar Point Nursery
PO BOX 1447
Klamath Falls, OR 97601
E: cpaulsen@cedarpointnursery.net

EDD
Bay Area Collection Office
7677 Oakport Street, Suite 400
Oakland, CA 94621-1933
E: itcdbg@edd.ca.gov

Franchise Tax Board
Bankruptcy Section MS A-340
PO Box 2952
Sacramento, CA 95812-2952
E: BKBNCNotices@ftb.ca.gov

Helena Chemical Company
c/o Steven Koch, Esq.
Koch, Degn and Gomez LLP
1148 N Chinowth St.
Visalia, CA 93291
T: 559-740-7665
E: smk@tularecountylaw.com

Internal Revenue Service
Department of the Treasury
Ogden, UT 04201-0005
E: cio.bncmail@irs.gov

Janey Leonardich
c/o Susan B. Luce, Esq.
Susan B. Luce, Attorney at Law
182 Eleanor Ave.
Los Altos, CA 94022
T: 408-291-6000
E: sbluceatty@yahoo.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9013-3.1.PROOF.SERVICE**

| In re: SANTA CRUZ FARMING COMPANY, LLC | CHAPTER: 11 |
| Debtor(s). | CASE NUMBER: 15-51771 |

Kanaka Peak Service
Attn: Beth Crandall
PO BOX 1287
Watsonville, CA 95077
E: bethcrandall@att.net

Norcal Nursery
PO BOX 1012
Red Bluff, CA 96080
E: krisb@sakumabros.com

NABTA USA International, Inc.
6955 Barton Road
Granite Bay, CA 95746
E: george@nabta.com

Sambrailo Packaging
c/o Thomas P. House, Esq.
734 East Lake Ave., Suite 17
Watsonville, CA 95076-3568
T: 831-728-0476
F: 831-728-0496
E: tomhouse@attorneyhouse.com

**VIA US MAIL**
Cypress Ag Consulting
PO BOX 3597
Freedom, CA 95019

Famous Software
8080 North Palm Ave., Suite 210
Fresno, CA 93711

Fenton & Keller
PO BOX 791
Monterey, CA 93942

Nationwide Agribusiness Ins.
c/o McSherry & Hudson
PO BOX 2690
Watsonville, CA 95077

Pacific Gas and Electric Company
PO BOX 8329
Stockton, CA 95208

RDO Water, LLC
10108 Riverford Road
Lakeside, CA 92040

Richard Jon Gurnee, Switzer Trust,
Etheleen Callender Trust
724 Brewington Avenue
Watsonville, CA 95076

Wendal Rosen Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*  **F 9013-3.1.PROOF.SERVICE**

Case: 15-51771    Doc# 145    Filed: 09/15/15    Entered: 09/15/15 18:57:35    Page 13 of 13